UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re:

  EDISON PRICE LIGHTING, INC.,

                            Chapter 11

                            Case No.:20-22614 (RDD)

                    Debtor.

-------------------------------------------------------x

## THIRD INTERIM ORDER AUTHORIZING CONSENSUAL USE OF CASH COLLATERAL BY DEBTOR PURSUANT TO 11 U.S.C. § 363

UPON the motion, dated May 4, 2020 (the "Motion") of EDISON PRICE LIGHTING, INC., the above-captioned debtor and debtor in possession (the "Debtor" or "Edison") seeking authority to use cash in which Citibank, N.A. ("Citibank" or the "Secured Creditor"), has asserted a perfected security interest, pursuant to 11 U.S.C. §§ 363(c)(2) and 361 and Federal Rules of Bankruptcy Procedure 4001; and interim hearings having been held on May 13 and 15, 2020 (the "Interim Hearings"), and all objections to the Motion having been withdrawn, overruled or resolved, and upon the record of the Interim Hearings and all of the pleadings heretofore filed in this case; and the Interim Order Authorizing Consensual Use of Cash Collateral By Debtor Pursuant to 11 U.S.C. 363 [Dkt. No. 34] having been entered on May 15, 2020; and, after due deliberation, the Court having determined to grant the Motion on a further interim basis as provided herein and to make the following findings of fact and conclusions of law:

A.      On or about May 1, 2020 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code" or the "Bankruptcy Code"), and has continued in possession of its property and the management of its business pursuant to Sections 1107 and 1108 of the Code.

B.     As of the date hereof, the United States Trustee has not appointed an Official Creditors' Committee as provided for in Section 1102 of the Code. No trustee or examiner has been heretofore appointed in this proceeding.

C.     Until the emergency shut-down of nonessential businesses in New York State as a result of Covid-19, the Debtor operated a 60,000 square foot manufacturing plant that manufactures high-quality architectural lighting. The factory is located at 41-50 22 Street, Long Island City, NY 11101 (the "Factory").  The Debtor is now in the process of reopening the plant with the goal of selling its business as a going concern.

D.     The Debtor acknowledges, on behalf of itself and its estate, but subject to paragraph 11 hereof, that (i) the Debtor entered into two secured loan facilities, a term loan, and a line of credit loan in the original amounts of $2,000,000 each (collectively, the "Loans"); and (ii) the total debt now owed to Citibank is approximately $3,683,897.07 (the "Prepetition Obligations"), which is secured by valid, senior secured liens (the "Prepetition Liens") on substantially all of the Debtor's assets (the "Collateral"), which includes cash (the "Cash Collateral").

E.     The Debtor requires continued use of the Cash Collateral on an interim basis pending a final hearing to meet its current obligations and preserve going concern value in connection with the sale of substantially all of its assets.

F.     The Debtor was unable to prepare and provide to Citibank a general ledger and financial statements by May 29, 2020 or June 6, 2020; *provided*, *further*, the Debtor requires an additional interim cash collateral order for two weeks, as it had to revise its last proposed budget to provide for, among other things, additional costs associated with employing professionals and reopening its business.

G.      The Debtor has agreed to provide documents and information to Citibank on an ongoing basis, as further set forth below.

H.      The Debtor and Citibank negotiated at arm's length and have acted in good faith in the negotiation and preparation of this Interim Order, have been represented by counsel, and intend to be and are bound by their respective terms.  The terms and conditions of this Interim Order reflect the Debtor's exercise of prudent business judgment under exigent circumstances and are consistent with its fiduciary duties and are supported by fair consideration.

BASED UPON THE FOREGOING, it is hereby ORDERED as follows:

1.      The Motion is GRANTED on a further interim basis and on the terms set forth herein. Citibank consents to the use of Cash Collateral from the date hereof to July 10, 2020 (the "Preliminary Period"), subject to the terms of this Order and only in accordance with the budget negotiated with and approved by Citibank, attached hereto as Exhibit A (the "Approved Budget"). The Debtor's expenses under any category in the Approved Budget shall not exceed the figure budgeted by the Debtor and agreed by Citibank for that category by more than five percent (5%). At the Final Hearing, the Court will consider the Debtor's request to use Cash Collateral after the Preliminary Period.

2.      This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and this is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this Court pursuant to 28 U.S.C. §1408. Notice of Motion's request for interim relief and the Interim Hearings was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. § 102(1)(a) and Fed. R. Bankr. P. 4001(b)(2).

3.      In addition to the existing rights and interests of Citibank in the Collateral and for purposes of adequately protecting Citibank from any diminution in value of Citibank's interests in the Debtor's property as of the Petition Date ("Collateral Diminution"), Citibank shall be provided the following adequate protection:

a.   Adequate Protection Lien. Citibank is hereby granted a first-priority security interest in and lien on all pre- and post-petition property of the Debtor (the "Adequate Protection Lien") subject to: (i) United States Trustee fees pursuant to 28 U.S.C. Section 1930, together with interest, if any, pursuant to 31 U.S.C. Section 3717 and any Clerk's filing fees; (ii) the fees and commissions of a trustee, if this chapter 11 case is converted to a case under chapter 7, in an amount not to exceed $10,000;and (iii) the fees and expenses of professionals retained by the Debtor in an amount not to exceed $32,850 (the "Carve Out"). In addition, the Adequate Protection Lien shall not attach to causes of action arising under Chapter 5 of the Code or the proceeds thereof.

b.   Superpriority Claim. To the extent of any Collateral Diminution, Citibank is hereby granted a superpriority claim (the "Superpriority Claim") as provided for in section 507(b) of the Bankruptcy Code. The Superpriority Claim shall be an allowed claim with priority over all other administrative expense and other all other claims against the Debtor's estate, including, without limitation, pursuant to sections 105, 326, 327, 328, 330, 331, 365, 503(b), 507(b), 1113, and 1114 of the Bankruptcy Code, subject to the Carve Out.

c.   Additional Protections. The Debtor shall provide to Citibank and its counsel periodic reporting, each Wednesday of each week for the immediately preceding week. In connection with each periodic report, the Debtor shall be required to provide information including, without limitation:

a.   budget results, including specification of any variances, in a form reasonably acceptable to Citibank;

b.   reports of marketing efforts to sell the business or its assets;

c.   weekly sales or new order reports and updates regarding the largest twenty (20) outstanding orders, in a form reasonably acceptable to Citibank;

d.   statement of cash on hand, including all accounts;

e.   itemized list of inventory, including raw material and any finished goods;

    f.   balance sheet for the Debtor;

    g.   list of aged (30 days, 60 days, 90 days, 120 days, 120+ days) receivables from any source; and

    h.   any and all other documents or reports reasonably requested by Citibank, within a reasonable period of time based upon the request.

d.   The Debtor shall be required to provide a general ledger and financial statements on or before June 19, 2020.

e.   On or before June 16, 2020 (as may be extended by Citibank in their discretion), the Debtor shall file an application (or applications) to retain a professional (or professionals) reasonably acceptable to Citibank to assist with, *inter alia*, record keeping and the marketing and sale of substantially all of the Debtor's assets.

f.   The Debtor shall provide Citibank and its attorneys, agents, accountants, and/or consultants with reasonable and unrestricted access to all books and records of the Debtor and access to inspect the Collateral upon reasonable notice to the Debtor, subject to restrictions imposed by New York City and/or New York State due to the Corona virus.

g.   The Debtor shall make monthly payments to Citibank, in the amount of $17,767, by no later than the tenth (10th) day of each month.  Such payments shall be applied only to the principal amount of Citibank's allowed secured claim under section 506(a) of the Bankruptcy Code.

4.    The Debtor, for itself and its estate, and Citibank agree that all of the terms and provisions of the Loan Documents1 are deemed to be valid, binding and enforceable, subject to sections 362(a), 506 and 1141 of the Bankruptcy Code and paragraph 11 hereof.

5.    The Debtor shall immediately, and shall continue to, segregate, remit, and deposit all Cash Collateral in each of the Debtor's accounts, possession, custody or control and which any of the Debtors may receive in the future, in the Debtor's Citibank accounts or in new "debtor-in-

---

[1] "Loan Documents" shall mean, collectively, (i) that certain Line of Credit Promissory Note, dated April 1, 2019, (the "LOC Note") given by Edison to Citibank; (ii) that certain Business Loan Agreement, dated April 1, 2019 (the "BLA"); (iii) that certain Term Loan made by Citibank to the Edison dated April 1, 2019 (the "Term Loan"); (iv) that certain Term Promissory Note dated April 1, 2019 ("Term Loan Note"); (v) that certain Commercial Security Agreement dated January 11, 2011 (the "Security Agreement"); (vi) the UCC-1 dated January 28, 2011, UCC-1 dated January 31, 2011, and UCC Financing Statement Amendment dated August 10, 2015; and (vii) that certain Commercial Guaranty dated August 21, 2013, (the "Guaranty").

possession" accounts established at Citibank. For the avoidance of doubt, the Debtor has now closed and transferred all cash from the "debtor-in-possession" account at Wells Fargo to the Debtor's Citibank account, which shall be its "debtor-in-possession" account. The Debtor shall timely file complete and accurate monthly operating reports in accordance with the reporting requirements of the United States Trustee.

6.      The security interests and liens herein granted (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of Citibank on the Petition Date, (ii) shall secure the payment of indebtedness to Citibank in an amount equal to the aggregate Collateral Diminution, and (iii) shall be deemed to be perfected without the necessity of any further action by Citibank or the Debtor. Without limitation, therefore, Citibank shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Order.

7.      Citibank reserves its right to hereafter request additional adequate protection and to object to the adequacy of the adequate protection granted herein.

8.      The Debtor shall maintain all necessary insurance, in accordance with the Approved Budget. The Debtor shall provide Citibank and the United States Trustee with proof of all such coverage, as well as prompt notification of any change in such coverage which may hereinafter occur.

9.      Notwithstanding anything to the contrary in this Order, the Debtor's authority to use the Cash Collateral pursuant to this Order shall terminate immediately and automatically, (a) upon the third (3rd) business day following the delivery of written notice to the Debtor, its bankruptcy counsel, counsel to any official committee of unsecured creditors or, if no committee has been appointed, then to the Debtor's 20 largest unsecured creditors, and counsel to the United

States Trustee, by Citibank of any breach or default by the Debtor of the terms and provision of this Order or under the respective Loan Documents, unless the Debtor shall have cured such breach or default within such three (3) business day period, or (b) without notice of any kind upon the entry of an order of the Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case or appointment of a trustee without the written consent of Citibank.

10.     The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of Citibank and the Debtor. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority or benefit with respect to any indebtedness of the Debtor to Citibank.

11.     The stipulations and admissions contained in this Order shall be binding upon all parties in interest, including any party acting on behalf of the Debtor's estate, including any chapter 7 or chapter 11 trustee ("Trustee"), unless (a) an adversary proceeding or contested matter, as subject to the Bankruptcy Rules, challenging the validity, enforceability or priority of the Prepetition Obligations or the Prepetition Liens is properly commenced against Citibank by any party in interest with requisite standing no later than ninety (90) days after the Petition Date (the "Challenge Period"), and (b) a final non-appealable order is entered in favor of the plaintiff or movant in any such timely and properly filed adversary proceeding or contested matter; provided that, as to the Debtor, all such claims and defenses are hereby irrevocably waived as of the Petition Date.  If no adversary proceeding or contested matter is timely filed prior to the expiration of the Challenge Period, the Prepetition Obligations and the Prepetition Liens shall be deemed legal, valid, binding, perfected, the Prepetition Obligations, and the Prepetition Liens shall not be subject

to avoidance or any other similar challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, any successor(s) thereto, but shall be subject to section 506 of the Bankruptcy Code based on the value of the Collateral.  If any such adversary proceeding or contested matter is timely filed prior to the expiration of the Challenge Period, the stipulations and admissions contained in this Interim Order shall nonetheless remain binding and preclusive on any person, including any Trustee, except as to any such findings and admissions that were expressly and successfully challenged in such adversary proceeding or contested matter.  Nothing in this Interim Order vests or confers on any person, including a Trustee, standing or authority to pursue any cause of action belonging to the Debtor or its estate.

12.     The Debtor will seek in the proposed Final Order authorizing use of Cash Collateral that no costs or expenses of administration which have been or may be incurred in the case at any time shall be charged against Citibank or the Collateral pursuant to sections 105 or 506(c) of the Bankruptcy Code, or otherwise.

13.     Citibank shall not be required to file a proof of claim in this case or in any subsequent case(s) of the Debtor under any chapter of the Bankruptcy Code in order to assert a claim for the Prepetition Obligation arising under the Loan Documents.  Any order entered by the Bankruptcy Court in relation to the establishment of a bar date for any claim in this case or any subsequent cases shall not apply to the Citibank with respect to the Prepetition Obligations arising under the Loan Documents.  For the avoidance of doubt, Citibank's right to payment on account of the Prepetition Obligations shall remain subject to section 506 of the Bankruptcy Code.

14.     The entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair, any of the rights, claims or privileges of Citibank in this Chapter 11 case, any subsequent case or proceedings under the Code or in State Court.

15.     This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

16.     The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

17.     The hearing on the Motion's request for a Final Order (or further interim order) authorizing use of Cash Collateral shall be held on July 10, 2020 at 10:00 A.M. at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas St., White Plains, New York 10601, subject to the Court's General Order on hearings during the Covid-19 emergency; provided, that if the Debtor and Citibank agree on the terms of a further Interim Order or on the proposed form of Final Order consistent with this Interim Order, they may proposed order on the docket of this case and submit it to the Court's chambers with the proposed Budget, with a copy to the United States Trustee, and the Court may not hold the final hearing.

18.     Objections to the further interim or final relief requested in the Motion shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable Robert D. Drain, and served upon Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528, so as to be received no later than three days before the Final Hearing.

Dated:  White Plains, New York
       June 15, 2020


         */s/Robert D. Drain*
        HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE