EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

.......................................................................................x

In re:                                 :

                                       :      Chapter 11

EDISON PRICE LIGHTING INC.,        :

                                         :      Case No. 20-22614 (RDD)

                           Debtor.       :

.......................................................................................x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), AND (M), AND 365, AND RULES 2002, 6004 AND 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZING AND APPROVING ENTRY INTO THE STALKING HORSE APA, (C) APPROVING THE DESIGNATION OF THE BUYER AS THE STALKING HORSE BIDDER, (D) APPROVING BID PROTECTIONS, (E) SCHEDULING A SALE HEARING, (F) APPROVING THE FORM, MANNER AND EXTENT OF NOTICE OF THE SALE PROCESS, (G) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES; AND (II) <u>GRANTING RELATED RELIEF</u>

Upon consideration of the motion (the "<u>Motion</u>")[1] [Docket No. ***], filed by Edison Price Lighting Inc. (the "<u>Debtor</u>") seeking the entry of an Order, pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2002-1, 6004-1, 6006-1, 9006-1, 9013-1, 9014-1 and 9014-2 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"):

(I)    (a) authorizing the Debtor to conduct the proposed sale process in accordance with the terms of the Bidding Procedures for the sale of the estate's interest in substantially all of the Debtor's assets located at 41-10 22nd Street, Long Island City, NY (the "<u>Assets</u>"),

---

[1] Capitalized terms used but not otherwise defined herein shall be ascribed the meanings provided to those terms in the Motion, the Bidding Procedures attached hereto or the Stalking Horse APA (defined below), as applicable. In the event of any conflict between the terms of this Order or the Bidding Procedures or Stalking Horse APA respectively, the terms as defined in the Bidding Procedures or Stalking Horse APA shall govern.

free and clear of all liens, claims, encumbrances, and interests (the "Liens"), through a sale process pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), (b) approving the Bidding Procedures, which are annexed hereto as Exhibit "1" (the "Bidding Procedures"); (c) authorizing and approving the Debtor's entry into the Asset Purchase Agreement (the "Stalking Horse APA) substantially in the form attached as Exhibit "3" with Current Lighting Solutions, LLC (the "Stalking Horse"), (d) approving the Break-Up Fee and Expense Reimbursement (as defined in the Stalking Horse APA), (e) scheduling an auction of the Debtors' assets (the "Auction") and a hearing for final approval of the proposed sale (the "Sale Hearing"), (f) establishing procedures (the "Assignment Procedures") for the assumption and assignment of the Debtor's executory contracts or unexpired leases the "Assigned Contracts") and the fixing of cure amounts to be paid pursuant to section 365(b) of the Bankruptcy Code (the "Cure Amounts"), (g) authorizing and approving the form and manner of notice of the sale of the Assets, the Auction and the Sale Hearing, the form of which notice is annexed hereto as Exhibit "2" (the "Sale Notice"), and (h) authorizing and approving the form and manner of notice of the potential assumption and assignment of the Assigned Contracts and the proposed Cure Amounts, the form of which notice is annexed hereto as Exhibit "4" (the "Notice of Assignment and Cures"), and Granting related relief; and, upon the notice of presentment of the Motion with respect to its request for entry of this Bidding Procedures Order [Docket No. ***]; and service of the notice of presentment of the Bidding Procedures having been made upon all creditors and parties in interest as required by Bankruptcy Rule 2002; and no objections to the entry of a Bidding Procedures Order having been received; it now appearing that the Bidding Procedures are in the best interest of the Debtor's estate, its creditors and other parties in interest; and after due deliberation thereon and good cause

appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT**:[2]

Bidding Procedures

A. This Court has jurisdiction over the Motion and the Bidding Procedures pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion and Bidding Procedures is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Bidding Procedures, including the Assignment Procedures, and the Notices are fair, reasonable and appropriate.

C. The Debtor has articulated good and sufficient business reasons for this Court to approve (i) the Bidding Procedures, including the scheduling of bid deadlines, an auction and a sale hearing, (ii) the establishment of procedures to assume and assign Contracts and fix Cure Amounts, (iii) the Debtor's entry into the Stalking Horse APA, subject to higher and better offers, and the Debtor's agreement to pay the Break-Up Fee and Expense Reimbursement, in accordance with the terms of the Stalking Horse APA.

D. Good and sufficient notice of the Bidding Procedures sought in the Motion has been given and no additional or further notice is required. A reasonable opportunity to object or be heard regarding the Bidding Procedures requested in the Motion has been afforded to interested persons and entities, including: (i) each of the Debtor's secured creditors, or their counsel; (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (iii) all parties in interest who requested notice pursuant to Bankruptcy Rule 2002; (iv) all counterparties to any potential Assigned Contracts; (v) all parties who are known to assert a Lien

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate. See Fed. R. Bankr. P. 7052.

on the Assets; (vi) all parties identified by the Debtor as potentially having an interest in acquiring the Assets; and (vii) all creditors of the Debtors who are listed on the Debtors' Schedules of Assets and Liabilities or who filed proofs of claim against the Debtors' estate (collectively, the "Notice Parties").

E.     The proposed Sale Notice constitutes good, appropriate, adequate and sufficient notice, and is reasonably calculated to provide all interested parties, including the Notice Parties, with timely and proper notice of the Bidding Procedures, the procedures governing the assumption and assignment of the Assigned Contracts and Cure Amounts, the sale process and the Sale Hearing, as set forth in the Motion, and no other or further notice is required.

F.     The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including this Court's (i) approval of the Bidding Procedures, (ii) procedures for determination of final Cure Amounts, and (iii) approval of the form and manner of service of the Sale Notice.

G.     The Debtor has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling the Sale Hearing to consider whether to grant the remainder of the relief requested in the Motion, including approval of a Sale in accordance with the Stalking Horse APA, free and clear of, among other things, any and all liens, claims, encumbrances and interests (collectively, "Liens"), with the same to attach to the proceeds of the transaction pursuant to section 363 of the Bankruptcy Code.

H.     The Bidding Procedures are reasonable and appropriate and in the best interests of the Debtor's estate and its creditors.

I.     The Notice was given in the manner described in the Motion. Under the circumstances, the Notice given by the Debtor of the Motion, the Interim Hearing and the relief granted under this Order constitutes due and sufficient notice thereof and complies with

Bankruptcy Rule 4001 and the Local Rules.

J.     No party appearing in this case has filed or made an objection to the relief sought in the Motion or the entry of this Order, or any objections that were made (to the extent such objections have not been withdrawn, waived, resolved, or settled) are hereby overruled on the merits.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.     All objections to entry of this Order or the Bidding Procedures requested in the Motion that have not been withdrawn, waived, resolved or settled are hereby denied and overruled in their entirety.

2.     The Motion is granted as set forth herein.

## **The Bidding Procedures**

3.     The Bidding Procedures, as set forth on **Exhibit 1** attached hereto and incorporated herein by reference, are hereby approved in all respects and shall govern all bids and bid proceedings relating to the sale process.

4.     Potential Bidders or Qualified Bidders (other than the Stalking Horse Bidder) must disclaim any right to receive a break-up fee, expense reimbursement, or other similar form of compensation, and by submitting its Bid, agree to refrain from and waive any right to assert or request any form of reimbursement on any basis.

5.     The Buyer shall be designated as the Stalking Horse Bidder and shall be deemed a Qualified Bidder for purposes of this Bidding Procedures Order and the Bidding Procedures.

6.     The deadline for submitting Bids in accordance with the Bidding Procedures shall be **October 9, 2020 at 4:00 p.m. (EDT)** (the "Bid Deadline"). No Bid shall be deemed to be a Qualified Bid, unless such Bid meets the requirements set forth in the Bidding Procedures.

7.     The Debtor, in consultation with Citibank, N.A. (the "Lender"), is authorized to extend the deadlines set forth in this Order and Bidding Procedures and/or schedule, adjourn, continue or suspend an Auction and/or the Sale Hearing.

8.     Subject to the rights granted to the Lender herein, the Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

## The Auction

9.     If the Debtor determines, in consultation with the Lender after review of the Qualified Bids, that an Auction is in the best interest of the Debtor's estate and its creditors, the Debtor may, but shall not be required to conduct an Auction with respect to the Assets. If an Auction is conducted, it will take place at the offices of Bronson Law Offices, P.C., on **October 11, 2020, starting at 10:00 a.m.** (prevailing Eastern Time), or at such other date and time or other place, as may be determined by the Debtor, in consultation with Lender at or prior to the Auction, and shall be conducted in accordance with the procedures set forth in Section I of the Bidding Procedures. The Debtor shall notify all Qualified Bidders of any such later time or different place.

10.     If no Qualified Bids, other than the Stalking Horse Bid, are received, then the Debtor may decide, in consultation with Lender, to cancel the Auction and designate the Buyer as the Successful Bidder and pursue entry of the order approving the sale of the Assets to the Buyer, pursuant to the terms of the Stalking Horse APA.

## Sale Hearing

11.     The Sale Hearing shall be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, on **October 14, 2020 at 10:00 a.m. (EST)**, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601, at which time this Court shall consider: (i) approval of the transactions reflected in the Stalking Horse APA or the transactions reflected in the Successful Bidder's APA (the

6

"Transaction"; (ii) the proposed assumption and assignment of the Assigned Contracts and fixing of Cure Amounts in connection with the Transaction; (iii) the entry of the proposed sale order, substantially in the form attached to the Motion as <u>Exhibit B</u> (the "<u>Sale Order</u>"), (iv) any issues or objections that are timely interposed by any parties; and (v) such other or further relief as this Court may deem just or proper.

12.     The Sale Hearing may be adjourned by the Debtor, in consultation with the Lender, without further order of this Court, by filing a notice with this Court and serving such notice on all Qualified Bidders or by announcing such adjournment on the record at the Sale Hearing.

## <u>Notice</u>

13.     The Sale Notice, substantially in the form attached hereto as **<u>Exhibit 2</u>**, is hereby approved.

14.     By no later than one business day after the entry of this Order, the Debtor shall cause a copy of the Bidding Procedures, the Sale Notice and this Order to be served upon the Notice Parties via email (where available) and first class mail.

15.     The notice set forth in the preceding paragraphs shall constitute good and sufficient notice of the Motion, the Sale Hearing and the proposed Sale Order, and no other or further notice of the Motion, the Sale Hearing and/or the proposed Sale Order shall be necessary or required.

16.     By no later than **October 12, 2020**, the Debtor shall file with this Court and shall serve upon the Notice Parties via email (where available) and first class mail a notice of selection of the highest and best bid at Auction setting forth the identity of the Successful Bidder and the Backup Bidder and the general terms of each party's Bid.  This notice shall constitute good and sufficient notice of the Debtor's selection of the Successful Bidder and the Backup Bidder, and no other or further notice shall be necessary or required.

17.     No other or further notice of the Transaction, the Auction, the Sale Hearing, the

assumption and assignment of Assigned Contracts, the fixing of Cure Amounts or the sale objection deadline shall be required.

**Objections to Motion**

18.     Objections, if any, to the remaining relief sought in the Motion must (a) be made in writing, (b) state with particularity the reasons for the objection or response, (c) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (d) set forth the name of the objecting party, the nature and basis of the objection, and the specific grounds therefore, and (e) be filed with the Clerk of the Court (with a copy to be delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601), and shall be served so as to be **actually received** no later than **4:00 p.m. (EST) on October 13, 2020** (the "Objection Deadline"), upon: (i) counsel for the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Avenue, Harrison, NY 10528 (Attn: H. Bruce Bronson, hbbronson@bronsonlaw.net, (ii) counsel to the Lender., Thompson & Knight, LLP, 900 Third Avenue, 20th Floor, New York, NY 10022 (Attn: Stuart Glick, stuart.glick@tklaw.com and Anthony Pirraglia, anthony.pirraglia@tklaw.com), (iii) counsel to the Stalking Horse Bidder, Fredrikson & Byron, P.A. 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 (Attn: Clinton Cutler, ccutler@fredlaw.com), and (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq.).

**Assigned Contracts**

19.     The Debtor shall file a schedule of contracts and leases proposed to be assumed and assigned, if any, together with the proposed corresponding Cure Amounts (the "Assumption Schedule") with the Court no later than **October 9, 2020** with notice thereof served upon all counterparties to the proposed Assigned Contracts and the Notice Parties.

20.     The Assumption Schedule shall identify the proposed Assigned Contracts and the corresponding Cure Amounts required under section 365 of the Bankruptcy Code, if any. The Debtor, with the consent of the Successful Bidder, shall have the right until the Sale Hearing to amend and remove executory contracts or unexpired leases from the Assumption Schedule. The Debtor shall file and serve notice of any such amendment (an "Amendment Notice") on all non-Debtor parties to the Assigned Contracts that are impacted by any amendment to the Assumption Schedule.

21.     All non-Debtor parties to the Assigned Contracts shall have until **October 13, 2020** to file an objection (an "Assumption Objection") to the assumption and assignment of the Assigned Contracts to which they are parties, or to the Cure Amounts listed for those Assigned Contracts. Any party filing an Assumption Objection shall state with specificity the basis of the objection and asserted Cure Amount and shall include appropriate documentation in support thereof.

22.     If an Assumption Objection is timely filed and not consensually resolved, this Court may hold a hearing with respect to the Assumption Objection either at the Sale Hearing or at such other date as this Court shall designate. If the Assumption Objection relates only to the Cure Amount of an Assumed Contract, that Assumed Contract may be assumed by the Debtor and assigned to the Successful Bidder; provided, however, that the amount asserted by the objecting party as the proper Cure Amount, or a different amount set by this Court, shall be held in escrow pending further order of this Court or mutual agreement of the parties as to the proper Cure Amount for that Assigned Contract. The Debtor and the Successful Bidder, are hereby authorized to settle, compromise or otherwise resolve any disputed Cure Amounts with the relevant non-Debtor party to any Assumed Contract without Court approval or notice to any party.

23.     If no Assumption Objection is timely filed and served, then subject to entry of an Order by this Court, the Cure Amounts set forth in the Assumption Schedule shall control

notwithstanding any terms or conditions to the contrary in any Assumed Contract. The non-Debtor parties to the Assigned Contracts shall be barred from asserting against the Debtor or the Successful Bidder any other claim arising from the Assigned Contracts.

24. The effective date of any assumption and assignment of the Assigned Contracts shall be the date on which the Transaction closes. Any Cure Amounts to be paid under any of the Assigned Contracts shall be paid by the Successful Bidder either prior to, upon or promptly following the closing of the Transaction, or as otherwise agreed to by the parties to the Assigned Contracts.

## Approval of Stalking Horse Bidder and Expense Reimbursement

25. The Debtor's designation of Current Lighting Solutions, LLC, a Delaware Corporation as the Stalking Horse Bidder is hereby approved.

26. The Debtor's entry into the Stalking Horse APA is authorized and approved, provided that the consummation of the transactions contemplated by the Stalking Horse APA shall be subject to the entry of the Sale Order by the Court.

27. Solely to the extent provided by Section 6.9 of the Stalking Horse APA, in the event the Debtor consummates an Alternative Transaction, the Break-Up Fee and the Expense Reimbursement shall be payable by the Debtor as an allowed super-priority administrative expense under Sections 506(a)(2) and 507(b) of the Bankruptcy Code *pari passu* with any superpriority claim granted to Citibank by this Court's Final Order Authorizing Consensual Use of Cash Collateral by Debtor Pursuant to 11 U.S.C. § 363 [Dkt. No. 100].

## Additional Provisions

28. The Debtor, subject to the consent right granted to the Lender, is authorized and empowered to take all steps, and incur and pay all costs and expenses, as may be reasonably necessary to fulfill the requirements established by this Order.

29.     Nothing contained in this Order precludes any party in interest from objecting to the Transaction in accordance with the objection procedures set forth herein, and no party shall be deemed to have consented to the Transaction by virtue of not having objected to the Bidding Procedures requested in the Motion.

30.     The Debtor is hereby authorized to implement the Bidding Procedures and conduct the sale process without the necessity of complying with any state or local bulk transfers law, or requirement or any similar law of any state or other jurisdiction which may apply in any way to any of the Transaction.

31.     This Court shall retain jurisdiction over any and all matters or disputes arising from or relating to the implementation of this Order, including jurisdiction to allocate the consideration paid for some or all of the Property in satisfaction of Liens that attach to the proceeds thereof.

32.     The provisions of this Order and the Stalking Horse APA, all Claims granted hereunder in favor of the Stalking Horse and any and all rights, remedies, privileges and benefits in favor of the Stalking Horse provided or acknowledged in this Order, and any actions taken pursuant thereto, shall be effective and enforceable immediately upon entry of this Order notwithstanding Bankruptcy Rules 6004(h) and 7062, shall continue in full force and effect, and shall survive entry of any such other order, including without limitation, any order which may be entered confirming any plan of reorganization, converting one or more of the Cases to any other chapter under the Bankruptcy Code, or dismissing one or more of the Cases.

33.     Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.

Dated:    White Plains, New York
          *****, 2020

_

_____

HONORABLE ROBERT D.
DRAIN UNITED STATES
BANKRUPTCY JUDGE

<u>**Exhibit 1**</u>

**BIDDING PROCEDURES**

Edison Price Lighting, Inc., ("the Debtor"), is seeking to sell substantially all of its assets located at 41-10 22nd Street, Long Island City, NY (the "<u>Assets</u>"), free and clear of liens, claims and encumbrances through a sale process, pursuant to section 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") (consummation of a sale is referred to herein as a "<u>Transaction</u>"). The Debtor, through the Debtor's investment banker, Beechwood Capital Advisors, LLC ("<u>Beechwood</u>" or "<u>Broker</u>") previously solicited proposals for a Transaction. Parties are encouraged to submit their highest and best proposal for a Transaction through the Bidding Procedures discussed herein.

A.   <u>**Bidding Procedures**</u>

Set forth below are the Bidding Procedures (the "<u>Bidding Procedures</u>") with respect to the proposed Transaction. On **October [6], 2020**, the Bankruptcy Court entered an order (the "<u>Bidding Procedures Order</u>"), granting the Debtor's motion (the "<u>Sale Motion</u>"), insofar as it sought the approval of the Bidding Procedures and a potential auction (the "<u>Auction</u>")[3] to determine the most optimal Transaction for the Debtor and the Assets following the contemplated Bids.

B.   <u>**The Stalking Horse Bid**</u>

Current Lighting Solutions, LLC (the "<u>Stalking Horse Bidder</u>") submitted a bid to purchase substantially all of the Assets as set forth in the Agreement of Purchase and Sale, dated September , 2020 (the "<u>Stalking Horse APA</u>"), among the Debtor and the Stalking Horse Bidder (the "<u>Stalking Horse Bid</u>").

Having announced and received approval of the designation of the Stalking Horse Bid from the Bankruptcy Court, the Debtor will now conduct a round of open bidding intended to obtain the highest or otherwise best bid for all or substantially all of the Assets.

C.   <u>**Relevant Dates (Subject To Adjustment As Indicated Below)**</u>

**Deadline for Bids and Deposits**
**(the "Bid Deadline"):**          **October 9, 2020 (4:00 p.m. ET)**

**Potential Auction:**          **October 11, 2020 (10:00 a.m. ET)**

---

[3] The Debtor reserves the right to determine, in consultation with the Lender, whether conducting an Auction is the best way to determine the highest and best Transaction.

| | |
|---|---|
| **Deadline to File Notice of Selection of Highest and Best Bid:** | **October 12, 2020 (4:00 p.m. ET)** |
| **Sale Objection Deadline:** | **October 13, 2020 (4:00 p.m. ET)** |
| **Sale Hearing:** | **October 14, 2020 (10:00 a.m. ET)** |
| **Deadline to Close Transaction:** | **October 28, 2020 (4:00 p.m. ET)** |

The schedule set forth above may be delayed and the qualification of bids may be altered in the event that the Debtor determines, in consultation with Lender, that additional time or adjustment to qualifications will likely result in greater overall value for the Debtor's estate, based on an expression(s) of interest or proposals received from an identified party, which the Debtor believes could be a Qualified Bid (as hereinafter defined).

## D. <u>Property to be Sold Free and Clear in a Section 363 Sale</u>

The Stalking Horse Bidder proposes to purchase the Assets, pursuant to Section 363 of the Bankruptcy Code, free and clear of all liens, claims and encumbrances, security interests and other restrictions on transfers (collectively, the "<u>Liens</u>") to the extent permitted by the Bankruptcy Code and other applicable law, with such Liens to attach to the proceeds of the Transaction. Any sale of the Assets, pursuant to Section 363 of the Bankruptcy Code, shall be on an "<u>as is, where is</u>" basis and without representations or warranties of any kind, nature or description by the Debtor or its representatives, professionals and agents, other than as set forth in the Stalking Horse APA.

## E. <u>Mailing of Bidding Procedures and Sale Notice</u>

The Debtor shall provide a copy of these Bidding Procedures and the Sale Notice via email (where available) and first class mail, postage prepaid, to: (i) each of the Debtor's secured creditors, or their counsel; (ii) the Office of the United States Debtor for the Southern District of New York; (iii) all parties in interest who requested notice pursuant to Bankruptcy Rule 2002; (iv) all counterparties to any potential Assigned Contracts; (v) all parties who are known to assert a Lien on the Assets; (vi) all parties identified by the Debtor or the Debtor as potentially having an interest in acquiring the Assets; and (vii) all creditors of the Debtor who are listed on the Debtor's Schedules of Assets and Liabilities or who filed proofs of claim against the Debtor's estate.

## F. <u>Transaction Agent</u>

Beechwood is the Debtor's exclusive broker and agent to solicit and source Bids. Any party in interest who previously worked with or was solicited by the Broker to make a Bid is encouraged to contact the <u>Debtor</u> to assist with any continued interest.

G.    **Confidentiality Agreement / Due Diligence**

Any entity that wishes to conduct due diligence with respect to the Assets must deliver to the Debtor's counsel an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtor on terms at least as favorable to Debtor as the Confidentiality Agreement signed by the Stalking Horse Bidder. Interested parties that comply with the foregoing (each such entity referred to as a "Potential Bidder"), shall be permitted to conduct diligence with respect to the Assets, provided however, that the Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline.

H.    **Qualification of Bids and Potential Bidder Parties**

In order to participate in the sale process and to have a proposal considered by the Debtor, each Potential Bidder must deliver a written, irrevocable proposal for a Transaction that otherwise satisfies the below criteria. A "Qualified Bidder" is a Potential Bidder that delivers a binding Bid (as defined below) that in the Debtor's discretion, satisfies the following (a "Qualified Bid"):

(a)    Bid Deadline. Each Bid Package (as defined below) must be delivered in written form to counsel Bronson Law Offices P.C., 480 Mamaroneck Ave., Harrison, New York 10528, Attn: H. Bruce Bronson, **so as to actually be received no later than 4:00 p.m. (prevailing Eastern Time) on the Bid Deadline of October 9, 2020[4]**:

(b)    Bid Package. Each Bid must include (collectively, the "Bid Package"): (i) a written and signed irrevocable bid (a "Bid"), stating that the Potential Bidder offers to consummate a Transaction, together with a Purchase Agreement marked to show changes against the Stalking Horse APA, (y) confirming that the Bid is irrevocable until the latter of (1) thirty (30) days following entry of the order (the "Sale Order") approving the Transaction or (2) closing with the Successful Auction Bid, and (z) stating that the Potential Bidder has had the opportunity to conduct due diligence prior to its Bid, does not require further due diligence and does not contain any contingencies in accordance with subparagraph (j) below. The Debtor, in consultation with the Lender, shall determine whether any Bid is a Qualified Bid.

(c)    Assets. Each Bid must clearly identify the Assets that the Bidder is agreeing to purchase and/or assume.

(d)    Assets Purchase Price. Each Bid must clearly state the Purchase Price to be paid for the Assets.

(e)    Designation of Assigned Contracts and Leases and Adequate Assurance of Future Performance. Each Bid and accompanying Purchase Agreement must contain a list of any and all contracts and leases of the Debtors

---

[4] The Bid Deadline may be delayed or the qualifications for Potential Bidders relaxed at the discretion of the Debtor in consultation with the Lender. Receipt of the Bid Package by email shall be considered adequate delivery (with original copies, if any, received by the counsel to the Debtor).

that are to be assumed and assigned in connection with a Transaction ("Assigned Contracts"), and must also contain written documentation sufficient to demonstrate the Potential Bidder's ability to provide adequate assurance of future performance for the benefit of the non-Debtor parties to the Assigned Contracts on the list.

(f)     <u>Minimum Bid</u>. At a minimum, the Bid must have a Purchase Price that has a monetary value in cash or other cash equivalents equal to or greater than $1,268,300, representing the Stalking Horse Bid Purchase Price ($1,110,000), plus the maximum amount of the Expense Reimbursement ($75,000), plus the Break-Up Fee ($33,300) plus a minimum overbid of $50,000.

(g)     <u>Financial Information</u>. The Bid Package must contain such financial and other information that will allow the Debtor to make a determination in consultation with the Lender as to each Potential Bidder's financial and other capabilities to consummate the Transaction contemplated by such Bid, including any proposed conditions to Closing. The Purchase Price shall be payable in cash or cash equivalents at Closing and not be subject to any financing contingency.

(h)     <u>Bidding Protections</u>. A Bid proposal other than the Stalking Horse Bid must not request or entitle the Potential Bidder to any termination fee, transaction or break-up fee, expense reimbursement, or similar type of payment.

(i)     <u>Identity of Bidders</u>. Each Potential Bidder must fully disclose the identity of each entity that will be part of the proposed Transaction, as well as disclose the organization, form and the business conducted by each entity and what, if any, connection the Potential Bidder has with the Debtors. Potential Bidders shall be required to provide such additional information as the Debtor may require regarding the Potential Bidder's ability to satisfy the terms of the Bid proposal.

(j)     <u>Due Diligence; Contingencies</u>. Except for any required regulatory approvals, if any, a Bid must not contain any contingencies of any kind, including, among others, obtaining (i) financing; (ii) shareholder, board of directors or other approvals; (iii) third party consents, acknowledgements or understandings of any king (including consents of counterparties to altered terms of any Assumed Contract) or (iv) the outcome or completion of due diligence. Each Potential Bidder must also affirmatively acknowledge that the Potential Bidder (a) had an opportunity to conduct due diligence regarding the Assets prior to making its Bid and does not require further due diligence, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith except as expressly stated in these Bidding Procedures.

(k)     <u>Consents</u>. Each Potential Bidder must represent that it obtained all necessary organizational approvals to make its Bid and to enter into the Purchase Agreement, as applicable.

(l)     Deposit(s). A Potential Bidder (other than the Stalking Horse Bidder, which has posted a deposit of 10% of the proposed purchase price) must deposit with the Debtor's counsel not less than the greater of (a) ten percent (10%) of the purchase price set forth in the Bid, in the form of a certified check or wire transfer on or before the Bid Deadline (the "Deposit"). The Deposit shall not become property of the Debtors' estates, absent further order of the Bankruptcy Court. The Deposit(s) shall be returned to each Potential Bidder (i) as soon as practicable if the Potential Bidder is not determined to be a Qualified Bidder or (ii) no later than five (5) business days after entry of the Sale Order, if the bidder is a Qualified Bidder (who has not otherwise forfeited its Deposit), but is not the Successful Bidder or the Backup Bidder. The Debtor's counsel will maintain any Deposit(s) in a non-interest-bearing escrow account.

(m)     As Is. Where Is. Any Bid proposal must provide that any conveyance of the Assets will be on an "as is, where is" basis and without representations or warranties of any kind, except any representations and warranties of the Potential Bidder. Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its Bid and that it has relied solely upon its own independent review and investigation in making its Bid.

(n)     Closing; Possession of Assets. Any Bid proposal must state that the Bidder is prepared to close by the Closing Deadline, which is not later than **October 30, 2020**, and if the Bid is premised on removal of tangible assets from Debtor's leased real property, such assets shall be removed **,** by no later than **November 15, 2020.**

(o)     Debtor's Considerations. The Debtor shall have the right in consultation with the Lender, to determine that a Bid is not a Qualified Bid and shall notify bidders whether their respective Bid has been determined to be a Qualified Bid prior to the **October 12, 2020** deadline to file a notice setting forth the selection of highest and best Bids.

(p)     In addition to the requirements above, the Debtor may request any additional information from any Potential Bidder to assist the Debtor in making a determination as to whether a Bid is a Qualified Bid.

THE DEBTOR RESERVES THE RIGHT, IN CONSULTATION WITH THE LENDER, TO DETERMINE WHETHER ANY BID IS BETTER, IF NOT HIGHER, THAN ANOTHER BID SUBMITTED DURING THE BIDDING PROCESS AND/OR AUCTION. THE DEBTOR MAY CONSIDER A VARIETY OF FACTORS IN MAKING THIS DECISION, INCLUDING WITHOUT LIMITATION, ANY PROPOSED CONDITIONS TO CLOSING, TIMING OF CLOSING OF THE PROPOSED TRANSACTION, AND THE LIKELIHOOD OF THE POTENTIAL BIDDER TO OBTAIN REQUISITE BANKRUPTCY COURT AND ANY REQUIRED NON- BANKRUPTCY APPROVALS.

THE DEBTOR RESERVES THE RIGHT, IN CONSULTATION WITH THE LENDER TO

ALTER OR TERMINATE THESE BIDDING PROCEDURES, TO WAIVE TERMS AND CONDITIONS SET FORTH HEREIN WITH RESPECT TO ALL POTENTIAL BIDDERS, EXTEND THE DEADLINES SET FORTH HEREIN, ALTER THE ASSUMPTIONS SET FORTH HEREIN, PROVIDE REASONABLE ACCOMMODATIONS TO THE STALKING HORSE BIDDER WITH RESPECT TO SUCH TERMS (UPON BANKRUPTCY COURT APPROVAL), CONDITIONS AND DEADLINES OF THE BID AND AUCTION PROCESS TO PROMOTE FURTHER BIDS BY SUCH POTENTIAL BIDDER AND/OR TO TERMINATE DISCUSSIONS WITH ANY AND ALL POTENTIAL BIDDERS AT ANY TIME AND WITHOUT SPECIFYING THE REASONS THEREFOR, IN EACH CASE TO THE EXTENT NOT MATERIALLY INCONSISTENT WITH THESE BIDDING PROCEDURES AND/OR THE BIDDING PROCEDURES ORDER; PROVIDED FURTHER THAT THE DEBTOR'S EXERCISE OF ITS DISCRETION IN EVALUATING BIDS AND ADMINISTERING THE SALE PROCESS DOES NOT PERMIT, AND SHALL NOT BE CONSTRUED AS PERMITTING THE DEBTOR TO MATERIALLY DEVIATE FROM THE PROCEDURES, TERMS, CONDITIONS AND PROTECTIONS SET FORTH IN THESE BIDDING PROCEDURES AND/OR THE BIDDING PROCEDURES ORDER.

## I.  <u>Auction</u>

If one or more Qualified Bids are received that are higher and better than the Stalking Horse Bid, and the Debtor determines in consultation with the Lender, after review of the Qualified Bids that an Auction process is in the best interests of the Debtor's estate and its creditors, the Debtor may, but shall not be required to, conduct an Auction with respect to the Assets. Debtor shall provide copies of all Qualified Bids to the Stalking Horse Bidder at least 24 hours in advance of the start of any Auction. If an Auction is conducted, it will take place at the offices of Bronson Law Offices P.C., 480 Mamaroneck Ave., Harrison, NY, on **October 11, 2020, starting at 10:00 a.m. (prevailing Eastern Time)**, or at such other date and time or other place, as may be determined by the Debtor, in consultation with the Lender, at or prior to the Auction. The Debtor reserves the right, in consultation with the Lender, to hold the Auction remotely by Zoom or such other electronic platform. The Auction shall be governed by the following procedures:

(a) <u>Participation</u>. Only Qualified Bidders, (which includes the Stalking Horse Bidder) that have submitted a Bid that is deemed by the Debtor to be a Qualified Bid and provided a Deposit(s) will be eligible to participate in the Auction, and each such Qualified Bidder shall appear in person at the Auction (and any attorney for a Qualified Bidder may appear at the Auction at the discretion of the Qualified Bidder). The Debtor will evaluate all Qualified Bids received and will in consultation with the Lender select the Qualified Bid, that reflects the highest or best bid for the Assets, and otherwise complies with the requirements set forth herein, as the "<u>Starting Auction Bid</u>." The Debtor may consider a variety of factors to determine the Starting Auction Bid, including without limitation, the Qualified Bidder's ability to consummate the sale and other monetary and non-monetary terms of the Bid. At the Auction, the Debtor shall announce the material terms of each overbid and the basis for calculating the total consideration offered in each such overbid.

(b) <u>Bidding</u>. Bidding at the Auction shall commence at the amount of the Starting Auction Bid, which shall be in an amount not less than the Minimum Bid and shall proceed in minimum bid increments of not less than $50,000. The Debtor also reserves the right to establish parameters for the number of rounds of bidding in consultation with the

Lender.

(c)  <u>Credit for Break Up Fee and Expense Reimbursement</u>. The Stalking Horse Bidder shall be entitled to credit the value of the Break-Up Fee and Expense Reimbursement against the cash portion of any subsequent Bids it submits and shall not be required to pay the value of the Break-up Fee or Expense Reimbursement in cash to the Debtor at the closing on the Stalking Horse APA.

(d)  <u>Higher and Better.</u> The Debtor reserves the right to determine, in consultation with the Lender, whether any Bid is better for the bankruptcy estate, if not higher, than another Bid submitted during the Auction. The Debtor may consider a variety of factors in making this decision, including without limitation, the ability of a Bidder to obtain any necessary regulatory approvals, whether the Bid is materially more burdensome than any other, any proposed conditions to closing, whether the Bid includes any non-cash components and provides significant cash consideration for the payment of required costs of the transaction, whether the ability of the Potential Bidder to use the Assets is consistent with applicable non-bankruptcy law, and any other factors deemed relevant.

(e)  <u>Successful Auction Bid</u>. The Auction shall continue until there is only one Bid for the Assets, which the Debtor determines, after consultation with the Lender and subject to Bankruptcy Court approval, is the highest or otherwise best bid from among the Qualified Bids submitted at the Auction (the "<u>Successful Auction Bid</u>") and the Debtor announces that the Auction is closed. The Qualified Bidder submitting such Successful Auction Bid shall become the "<u>Successful Bidder</u>" and shall have such rights and responsibilities of the buyer, as set forth in the applicable Purchase Agreement. Within one (1) business day after the conclusion of the Auction (but in any event prior to the commencement of the hearing to consider entry of the Sale Order), the Successful Bidder shall (i) complete, execute and deliver to the Debtor the Purchase Agreement (as updated to conform to the Successful Auction Bid) and all contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Auction Bid was made. and (ii) supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such Deposit equals ten percent (10%) of the cash component of the Successful Auction Bid.

(f)  <u>Anti-Collusion</u>. At the commencement of and at the conclusion of the Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with any other Qualified Bidder or Potential Bidder with respect to the bidding or the Transaction.

(g)  <u>Conduct of Auction</u>. The Auction may be conducted openly with the proceeding being transcribed and each Qualified Bidder being informed of the terms of the previous bid; the Debtor, and its counsel, may meet privately with any Qualified Bidder to negotiate the terms of its bid. The Debtor may adopt other rules for the conduct of the Auction at the Auction which, in its judgment and upon consultation with the Lender, will better promote the goals of the Auction.

(h)  <u>Backup Auction Bid.</u> At the conclusion of the Auction, the Debtor will also announce the second highest or otherwise best bid from among the Qualified Bids

submitted at the Auction (the "Backup Auction Bid"). The Qualified Bidder submitting such Backup Auction Bid shall become the "Backup Bidder", and subject to the rights of the Successful Bidder, shall have such rights and responsibilities as set forth in the Purchase Agreement. Within one (1) business day after the conclusion of the Auction (but in any event prior to the commencement of the Sale Hearing), the Backup Bidder shall (i) complete, execute and deliver to the Debtor the Purchase Agreement (as updated to conform to the Backup Auction Bid) and all contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Backup Auction Bid was made, and (ii) supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such Deposit equals ten percent (10%) of the cash component of the Backup Auction Bid. The Backup Auction Bid shall remain open and irrevocable until the earlier of (x) written notification to the Backup Bidder based on the Backup Auction Bid within ten (10) days following entry of the Sale Order that the Debtor has terminated the Transaction with the Successful Bidder and intends to proceed toward closing with the Backup Bidder based on the Backup Auction Bid in accordance with the terms of these Bidding Procedures, and (y) Closing of the Transaction with the Successful Bidder. For the avoidance of doubt, notification to the Backup Bidder within such period that the Debtor has terminated a transaction with the Successful Bidder and that the Debtor intends to proceed toward closing with the Backup Bidder based on the Backup Auction Bid shall automatically extend the irrevocable nature of the Backup Auction Bid in accordance with the terms of such Backup Auction Bid. For the further avoidance of doubt, it is not necessary that the Backup Auction Bid actually close within such period.

(i)    The Backup Bidder's Deposit(s) will be returned by the Debtor upon consummation of the sale of the Assets to the Successful Bidder, or will be otherwise applied or forfeited in accordance with the Bidding Procedures, if the Backup Bidder is determined to be the Successful Bidder.

(j)    Extensions/Adjournment.  The Debtor reserves its rights, in the exercise of its judgment and in consultation with the Lender, to modify any provisions of the Bidding Procedures at or prior to the Auction, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the hearing to consider entry of a Sale Order in open court without further  notice with all such modifications or adjournments consistent with the terms of the Stalking Horse APA and the deadlines contained therein.

(k)    Cancellation of the Auction. If no Qualified Bids, other than the Stalking Horse Bid, are received in accordance with the Bidding Procedures, than the Debtor may decide in consultation with the Lender, to cancel the Auction and designate the Stalking Horse Bid as the Successful Auction Bid and pursue entry of the Sale Order approving the Stalking Horse Bid.

If the Auction is cancelled, the Debtor shall promptly file a notice of cancellation of the Auction and the designation of the Stalking Horse Bid and the consummation of the Stalking Horse Transaction. as the Successful Auction Bid.

**J.    <u>Notice of Selection of Highest and Best Bid and Sale Hearing</u>**

By no later than **October 12, 2020** at 12:00 p.m. (ET), the Debtor shall file with the Bankruptcy Court and shall serve on the Notice Parties a notice setting forth the identity of the Successful Bidder and Backup Bidder and the general terms of each party's Bid.

A hearing (the "Sale Hearing") to confirm the results of the sale process, approve the selection of the Successful Bidder and Backup Bidder, authorize the Debtor to consummate the Transaction, and authorize the Debtor to make any necessary disbursements required in connection with the closing on the Transaction, will be held on **October 14, 2020 at 10:00 a.m. (ET)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

Objections to any of the relief sought at the Sale Hearing must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) counsel for the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528 (Attn: H. Bruce Bronson, Esq., hbbronson@bronsonlaw.net), (ii) counsel to Citibank, N.A., Thompson & Knight,LLP, 900 Third Avenue, 20th Floor, New York, NY 10022 (Attn: Stuart Glick, stuart.glick@tklaw.com and Anthony Pirraglia (Anthony.Pirraglia@tklaw.com), (iii) counsel to the Stalking Horse Bidder, Fredrickson & Byron, P.A. 200 South Sixth Street, Suite 4000, Minneapolis, MN55402 (Attn: Clinton Cutler, ccutler@fredlaw.com) (iv) the Office of the United States Debtor for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq.), so as to be received by **4:00 p.m. on October 13, 2020**.

## K.     **Consummation of the Transaction**

Unless otherwise agreed by the Debtor and the Successful Bidder and unless as otherwise provided in the Stalking Horse APA (if applicable), the Successful Bidder must consummate the Transaction approved by the Sale Order by no later than the later of (i) the Sale Order becoming a final order not subject to appeal or stay of effectiveness of the Sale Order or the Transaction, or (ii) the next business day after fourteen (14) days after entry of the Sale Order (the "Closing Deadline"). If for any reason a Successful Bidder fails to consummate the Transaction on or before the Closing Deadline, then the Backup Bidder will automatically be deemed to have submitted the highest or otherwise best bid. The Debtor and any Backup Bidder are authorized to effectuate the sale of the Assets to such Backup Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court. If such failure to consummate the purchase is the result of a breach by a Successful Bidder, its Deposit(s) shall be forfeited to the Debtor and the Debtor specifically reserves the right to seek all available damages from such defaulting party.

## L.     **Jurisdiction**

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to any Transaction, the Bidding Procedures, the Bidding Procedures Order, the Sale Order, the Auction, a Successful Auction Bid, the Stalking Horse Bidder, a Backup Auction Bid, and/or any other matter that in any way relates to the foregoing. In particular, all Potential Bidders (including the Stalking Horse Bidder) shall be deemed to have (i) consented to the core jurisdiction of the

Bankruptcy Court to enter any order or orders, which shall be binding in all respects, in any way relating to the Bidding Procedures, the Auction or the construction and enforcement of any agreement or any other documentation relating to the sale; (ii) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the Auction, or the construction and enforcement of any Purchase Agreement; and (iii) consented to the entry of a final order or judgment in any way related to the Bidding Procedures, the Auction, or the construction or enforcement of any Purchase Agreement, if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

**Exhibit 2**

**<u>SALE NOTICE</u>**

**BRONSON LAW OFFICES P.C.**                    **Sale Hearing Date: October 14, 2020**
480 Mamaroneck Ave.                                             **@ 10:00 a.m. (ET)**
Harrison, NY 10528
Telephone: (914) 269-2530                         **Objection Deadline: October 13, 2020**
Fax: (888) 908-6906                                                   **@ 4:00 p.m. (ET)**
*Counsel to Debtor*
hbbronson@bronsonlaw.net                            **Bid Deadline: October 9, 2020**
                                                                                 **@ 4:00 p.m. (EST)**

                                                       **Potential Auction: October 11, 2020**
                                                                              **@ 10:00 a.m. (EST)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re                                                   :        Chapter 11
                                                             :
EDISON PRICE LIGHTING, INC.,        :        Case No. 20-22614 (RDD)
                                                             :
                                       Debtor.       :
----------------------------------------------------------x

**NOTICE OF SALE WITH RESPECT TO CHAPTER 11 DEBTOR'S MOTION FOR AN
ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), AND (M), AND 365, 503 AND
507 AND RULES 2002, 6004 AND 6006 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE: (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF
ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZING
AND APPROVING ENTRY INTO THE STALKING HORSE APA, (C) APPROVING
THE DESIGNATION OF THE BUYER AS THE STALKING HORSE BIDDER, (D)
APPROVING BID PROTECTIONS, (E) SCHEDULING A SALE HEARING, (F)
APPROVING THE FORM, MANNER AND EXTENT OF NOTICE OF THE SALE
PROCESS, AND (G) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT
PROCEDURES; AND (II) (A) APPROVING THE SALE OF ALL OR SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
<u>ENCUMBRANCES, AND (B) GRANTING RELATED RELIEF</u>**

**TO ALL CREDITORS AND PARTIES IN INTEREST, THE OFFICE OF THE UNITED
STATES DEBTOR, AND ALL OTHER PARTIES ENTITLED TO NOTICE PURSUANT
TO FED. R. BANKR. P. 2002:**

**PLEASE TAKE NOTICE** that on [October 6 , 2020], the United States Bankruptcy Court for the Southern District of New York (the "Court") approved the motion (the "Motion")[1] of the Debtor (the "Debtor") of the estate of (i) EDISON PRICE LIGHTING INC., (the "Debtor") seeking an Order (a) authorizing the Debtor to conduct a process for the sale of all or substantially all of the Debtors' assets, free and clear of all liens, claims, encumbrances, and interests, pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), (b) approving the Bidding Procedures annexed to the Bidding Procedures Order as Exhibit "1"; (c) approving the Debtor's entry into the Stalking Horse APA annexed to the Bidding Procedures Order as Exhibit "3", (d) approving bidding protections, (e) scheduling an Auction and Sale Hearing, (f) establishing Assignment Procedures for the assumption and assignment of the Debtors' executory contracts or unexpired leases and the fixing of Cure Amounts, (g) approving this Sale Notice, and (h) approving the Notice of Assignment and Cures [Docket No. ] (the "Bidding Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that the Motion, Bidding Procedures Order and Stalking Horse APA have been filed electronically with the Clerk of the United States Bankruptcy Court for the Southern District of New York, and may be reviewed by all registered users of the Court's website at http://ecf.nysb.uscourts.gov. Copies of the Motion, Bidding Procedures Order and Stalking Horse APA can also be obtained by telephonic, written, or e-mail request to the undersigned general counsel to the Debtor, Attn: H. Bruce Bronson (Telephone: (914) 269-2530 or e-mail: hbbronson@bronsonlaw.net).

**PLEASE TAKE FURTHER NOTICE** that a Bid for the purchase of the Debtors' assets must conform to the Bidding Procedures and be delivered in written form to: counsel to the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528 Attn: H. Bruce Bronson, so as to be actually received no later than **4:00** p.m. (prevailing Eastern Time) on the Bid Deadline of October 9, 2020.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures, if an Auction for the sale of the Debtors' assets is conducted, it will take place at the offices of Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528, on **October 11, 2020, starting at 10:00 a.m. (prevailing Eastern Time)**, or at such other date and time or other place as may be determined by the Debtor at or prior to the Auction.

**PLEASE TAKE FURTHER NOTICE** that a hearing with respect to the Motion has been scheduled to be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4140, on **October 14, 2020 at 10:00 a.m.** to the extent seeking an Order (a) approving the Stalking Horse APA or such other Purchase Agreement entered into with a Successful Bidder in accordance with the Bidding Procedures, (b) approving the sale of the Debtor's assets to the Stalking Horse Bidder or the Successful Bidder, (c) authorizing the assumption and assignment of the Assigned Contracts, and (d) granting related relief (the "Sale Hearing").

---

[1] Terms capitalized but not defined herein shall have the meanings assigned to them in the Motion, The Bidding Procedures Order, the Bid Procedures or Stalking Horse APA.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion to be considered at the Sale Hearing (an "Objection") shall be made in writing, filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4140, on a compact disc, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4140), and served upon (i) counsel for the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528 (Attn: H. Bruce Bronson, Esq., hbbronson@bronsonlaw.net), (ii) counsel to the Lender,., Thompson & Knight, LLP, 900 Third Avenue, 20th Floor, New York, NY 10022 (Attn:Stuart Glick, stuart.glick@tklaw.com and Anthony Pirraglia, anthony.Pirraglia@tklaw.com), (iii) counsel to the Stalking Horse Bidder, Fredrickson & Byron, P.A. 200 South Sixth Street, Suite 4000, Minneapolis, MN55402 (Attn: Clinton Cutler, ccutler@fredlaw.com) and (iv) the Office of the United States Debtor for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq.), **so as to be actually received no later than 4:00p.m. on October 13, 2020** (the "Objection Deadline").

Dated:   Harrison, New York
         September 24, 2020

                                        **BRONSON LAW OFFICES P.C.**


                              By:*/s/ H. Bruce Bronson*
                                 H. Bruce Bronson
                                 *Counsel to the Debtor*

**EXHIBIT 3**

**Stalking Horse APA**

**BRONSON LAW OFFICES, P.C.**
480 MAMARONECK AVE.
Harrison, NY 10528
Telephone: (914) 269-2530
Facsimile: (888) 908-6906
H. Bruce Bronson
hbbronson@bronsonlaw.net
*Counsel to Debtor*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

.....................................................................x
In re                                       :     Chapter 11
                                            :
      EDISON PRICE LIGHTING, INC.     :    Case No. 20-22614 (RDD)
                                            :
                           Debtor.         :
.....................................................................x

**NOTICE REGARDING ASSUMPTION AND ASSIGNMENT**
**OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND**
**ESTABLISHMENT OF CURE CLAIMS BAR DATE FOR NON-DEBTOR**
**COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES[5]**

**TO ALL NON-DEBTOR COUNTERPARTIES TO**
**EXECUTORY CONTRACTS OR LEASES WITH THE DEBTOR:**

      **PLEASE TAKE NOTICE** that, on September 17, 2020, Edison Price Lighting, Inc. (the "Debtor" filed a motion (the "Sale Motion") for entry of orders, pursuant to sections 105(a), 363(b), (f), and (m), and 365, 503 and 507 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

      (I) in substantially the same form as that annexed to the Sale Motion as Exhibit A (the "Bidding Procedures Order") (a) authorizing the Debtor to conduct the sale process in accordance with the Bidding Procedures attached as Exhibit "1" to the Bidding Procedures Order (the "Bidding Procedures") for the auction and sale of the Assets (defined below) free and clear of all liens, claims, encumbrances, and interests ("Liens"), (b) approving the Bidding Procedures, (c) authorizing and approving the Debtor's entry into the Agreement of Purchase and Sale (the "Stalking Horse APA"), among the Debtor and Current Lighting Solutions, LLC (the "Stalking Horse Bidder"), substantially in the form attached to the Sale Motion as Exhibit C, subject to higher and better offers, (d) approving bidding protections for the Stalking Horse Bidder, (e) scheduling the auction and hearing for approval of the proposed sale (the "Sale Hearing"), (f) establishing procedures ("Assignment Procedures") for the assumption and assignment of the Debtors' executory contracts and unexpired leases (the "Assigned Contracts") and the fixing of

---

[5] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

cure amounts to be paid with respect thereto pursuant to section 365(b) of the Bankruptcy Code (the "Cure Amounts"), (g) authorizing and approving the form and manner of notice of the auction and Sale Hearing (the "Sale Notice"), substantially in the form attached as Exhibit "2" to the Bidding Procedures Order, and (h) authorizing and approving the form and manner of notice of the potential assumption and assignment of the Assigned Contracts and the proposed Cure Amounts, substantially in the form attached as Exhibit "4" to the Bidding Procedures Order; and

(II) in substantially the same form as that annexed to the Sale Motion as Exhibit B (the "Sale Order") (a) approving the Stalking Horse PSA, or such other Purchase Agreement entered into in accordance with the Bidding Procedures and approved at the Sale Hearing, (b) approving the sale of the Assets to the Stalking Horse Bidder or such other successful bidder at auction, free and clear of any and all Liens, (c) authorizing the assumption and assignment of the Assigned Contracts, and (d) granting related relief (the "Transaction").

**PLEASE TAKE FURTHER NOTICE** that in connection with the Transaction[1], the Debtor intends to assign those executory contracts and/or unexpired leases on the list annexed hereto as Exhibit A (the "Assignment Schedule") to the Purchaser pursuant to the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that objections to the proposed Cure Amounts set forth in the Assignment Schedule or requests for adequate assurance hearings must be filed by no later than **October 13, 2020 at 5:00 p.m.** (the "**Objection Deadline**") as the date by which all non-debtor counterparties parties to the executory contracts and unexpired leases must electronically file with the Clerk of the Bankruptcy Court a cure claim, setting forth all claims and arrearages against the Debtor due under such executory contract or unexpired lease (the "Assumption Objection"), and serve a copy of the Assumption Objection upon (a) the attorneys for the Debtor, Bronson Law Offices, P.C., 480 Mamaroneck Ave., Harrison, NY 10528), and (b) the Office of the United States Debtor for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Andrea B. Schwartz).

Dated: Harrison, New York
September 23 2020

**BRONSON LAW OFFICES, P.C.**

By:*/s H. Bruce Bronson*
H. Bruce Bronson

# Assumption Notice - Exhibit A

## Assumption Schedule

| **Name and Address of Counter Party** | **Nature and Description of Executory Agreement** | **Cure Amount** |
|---|---|---|
| Sterling | Hass Automation CNC Machine Tool | 0 |
| CNC Leasing #2 | Hass CNC Lather, Model ST-10 | 6378 |
| CIT Bank | Generator | 1826.72 |
| | | |
| | | |
| | | |
| | | |