**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

..................................................................................x

In re                                 :     Chapter 11

                                       :

EDISON PRICE LIGHTING INC.,     :     Case No. 20-22614 (RDD)

                                         :

                         Debtor.     :

..................................................................................x

# ORDER (I) APPROVING THE
# ELITE LIGHTING ASSET PURCHASE AGREEMENT, (II) APPROVING THE SALE TO ELITE LIGHTING OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Sale Motion")[1] of Edison Price Lighting, Inc., the debtor and debtor in possession herein (the "Debtor"), by its counsel, Bronson Law Offices P.C., for entry of a preliminary order and an order substantially in the form of this order (this "Sale Order") (a) approving the form of the Stalking Horse Purchase and Sale Agreement attached to the Sale Motion and authorizing the Debtor to perform thereunder, subject to higher and better offers, (b) authorizing bidding and sale procedures pertaining to the proposed sale of the Assets thereunder, (c) authorizing and approving the sale of the Assets free and clear of Liens and Claims (defined below) and the assumption and assignment of the Assigned Contracts, and (d) granting related relief; and this Court having entered an order on October 6, 2020 at [Dkt. # 128] (the "Bidding Procedures Order") approving and authorizing, among other things, (i) the Debtor to conduct the proposed sale process, (ii) the Bidding Procedures, (iii) recognizing Current Lighting Solutions, LLC as the Stalking Horse Bidder on the terms of the Stalking Horse Purchase and Sale Agreement, (iv) the Bid Protections in favor of the Stalking Horse Bidder, (v) scheduling the Sale

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

Hearing, (vi) establishing procedures for the assumption and assignment of the Assigned Contracts, (vii) the proposed form of notice of the Sale Hearing, and (viii) the proposed form of the Notice of Assignment and Cure; and there being no filed objections to the Sale Motion; and upon the auction held pursuant to the Bidding Procedures Order on October 12, 2020;

And the Court having held a hearing on October 14, 2020 (the "Hearing") to consider entry of the proposed form of Sale Order approving the proposed transaction with Current Lighting Solutions, LLC on the terms of its winning bid at the auction; and upon the objection to the Sale Motion raised at the Hearing by Elite Lighting ("Elite Lighting," "Purchaser," or "Successful Bidder") on the basis that it was not timely consulted or properly notified as a potential purchaser of the Assets during the sale process notwithstanding its clear prior interest in purchasing such Assets; and upon the record of the Hearing and for the reasons stated by the Court in its bench ruling at the conclusion of the Hearing, the Court having determined that the Bidding Procedures and Bidding Procedures Order therefore had not been complied with as contemplated and that Elite Lighting should have the opportunity to make a Qualifying Bid by the date stated by the Court at the Hearing and, if such a bid were made, the auction held on October 12, 2020 should be reopened as between the Current Lighting Solutions, LLC and Elite Lighting; and such a bid having been made by Elite Lighting on the terms of the Asset Purchase Agreement attached hereto as **Exhibit 1** (together with all schedules, exhibits, and ancillary documents related thereto, and subject to the changes set forth in this Order, the "Elite Lighting APA"), which is substantially the same as the Stalking Horse Purchase and Sale Agreement with the exception of a higher and better Purchase Price;[2] and the Debtor therefore having held an auction on October 15, 2020 between the Current

---

[2] In addition, under the Bidding Procedures Order, Elite Lighting is not entitled to any expense reimbursement or break-up fee as provided in section 6.9 of the Elite Lighting APA and any other related provision thereof, Elite Lighting provided a $250,000 deposit under section 2.8 of the Elite Lighting APA, and Elite Lighting shall promptly

Lighting Solutions LLC and Elite Lighting; and, at the conclusion of the auction Elite Lighting having made the highest and best bid in the amount of $4,150,000 and otherwise on the terms of the Elite Lighting APA; and the Debtor having determined, after an extensive marketing and auction process that (a) Elite Lighting is the Successful Bidder and has submitted the highest or otherwise best bid for the Assets as set forth above, and (b) Current Lighting Solutions, LLC is the Backup Bidder on the terms and for the amount of its last bid at the reopened auction; and no additional notice or hearing being required; and upon the full record herein and good and sufficient cause appearing, **THE COURT HEREBY FINDS THAT**:[3]

I.      **Jurisdiction, Final Order, and Statutory Predicates.**

A.      This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(l) and 1334(a). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, and 365, 503 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

C.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the

---

designate contact information for itself as Purchaser in place of the contact information for "Purchaser" in section 8.6 of the Elite Lighting APA.

[3] All findings of fact and conclusions of law announced by the Court at the hearings in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

implementation of this Sale Order, waives any stay thereof under the Bankruptcy Rules, sufficient cause  having been shown, and expressly directs entry of judgment as set forth herein.

## II.      Notice of the Sale Motion, Sale Hearing, and Cure Amounts.

D.      Notice of the Sale Motion, the Hearing and the proposed sale was timely, proper, and. based on the Court's ruling at the Hearing, reasonably calculated to provide interested parties with timely and proper notice of the Transaction and the Hearing, and no other or further notice of the Sale Motion, the proposed sale, and the Hearing is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice. A reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein and granted hereby has been afforded to all interested persons and entities, including the Notice Parties.

## III.     Good Faith of Purchaser and Debtor.

E.      The Elite Lighting APA, was negotiated, proposed, and entered into by the Debtor and the Purchaser, without collusion, in good faith, and from arm's-length bargaining positions.

F.      The proposed sale does not constitute a *sub rosa* chapter 11 plan. The proposed sale neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates a chapter 11 plan for the Debtor.

G.      Neither the Debtor nor Purchaser has engaged in any conduct that would cause or permit the proposed sale to be avoided under section 363(n) of the Bankruptcy Code.  Purchaser is not an "insider" of the Debtor (as defined under section 101(31) of the Bankruptcy Code), has proceeded in good faith in all respects in connection with the proposed sale, and upon closing the proposed sale, Purchaser shall have acted in good faith and will be a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code therefore entitled to all of the protections afforded under such section 363(m).

H.     The Debtor and Purchaser complied with the Bidding Procedures Order and the Bidding Procedures, as supplemented by the Court's ruling at the Hearing, in all respects. Purchaser was the Successful Bidder (as defined in the Bidding Procedures) for the Assets in accordance with the Bidding Procedures Order and the Bidding Procedures, as modified by the Court at the Hearing.

**IV.     Highest or Otherwise Best Offer.**

I.     The Debtor's marketing process with respect to the Assets, including the Debtor's prepetition marketing process with respect to the Assets, as modified by the Court's ruling at the Hearing, afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Assets. The Elite Lighting APA constitutes the highest or otherwise best offer for the Assets, and the Debtor's determination that the Elite Lighting APA constitutes the highest or otherwise best offer for the Assets is based upon a valid and sound exercise of the Debtor's business judgment. The consideration to be paid by Purchaser under the Elite Lighting APA constitutes fair and reasonable consideration for the Assets.

J.     Approval of the Sale Motion and the Elite Lighting APA and the consummation of the proposed sale thereunder for the purchase price of $4,150,000 is in the best interests of the Debtor's chapter 11 estate, its creditors, and other parties in interest. The Transaction should be approved.

**V.     No Successor or Other Derivative Liability.**

K.     The Purchaser is not a mere continuation of the Debtor or its estate, and there is no continuity of enterprise between the Purchaser and the Debtor. The Purchaser is not a successor to the Debtor or its estate by reason of any theory of law or equity, and the proposed sale does not amount to a consolidation, merger, or *de facto* merger of Purchaser and the Debtor.

**VI.     Validity of Transfer.**

L.     The Elite Lighting APA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Debtor nor the Purchaser is entering into the transactions contemplated by the Elite Lighting APA fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

M.     The Debtor is the sole and lawful owner of the Assets. The Assets constitute property of the Debtor's estate, and title thereto is vested in the Debtor's estates within the meaning of section 541(a) of the Bankruptcy Code.  Subject to section 363(f) of the Bankruptcy Code, the transfer of each of the Assets to the Purchaser will be, as of the Closing Date, a legal, valid, and effective transfer of the Assets, which transfer vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Assets free and clear of (a) all liens (including any liens as that term is defined in section 101(37) of the Bankruptcy Code) and encumbrances relating to, accruing, or arising at any time prior to the Closing Date (collectively "Liens"), and (b) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages, hypothecations, charges, indentures, instruments, leases, licenses, deeds of trust, security interests, conditional sale or other title retention, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter-ego, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (A) that purport to give to any party a right of setoff or recoupment against, or a right or option to affect any forfeiture,

modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of the Debtor's or the Purchaser's interests in the Assets, or any similar rights, or (B) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (b), "Claims"), relating to, accruing or arising any time prior to entry of this Sale Order, with the exception of any such Liens or Claims that are expressly assumed by Purchaser or otherwise permitted under the Elite Lighting APA (the "Assumed Obligations"), including, for the avoidance of doubt, Cure Amounts or any other obligations arising under the Assigned Contracts to the extent set forth in the Elite Lighting APA.

      N.      Subject to the entry of this Sale Order, the Debtor has (i) full requisite corporate or other organizational power and authority to execute, deliver, and perform its obligations under the Elite Lighting APA and all other documents contemplated thereby and (ii) taken all requisite corporate or other organizational action and formalities necessary to authorize and approve the execution, delivery and performance of its obligations under the Elite Lighting APA and to consummate the proposed sale, including as required by its organizational documents, and, upon execution thereof, the Elite Lighting APA will be deemed duly and validly executed and delivered by the Debtor and enforceable against the Debtor in accordance with its terms and, assuming due authorization, execution, and delivery thereof by the other parties thereto, constituted or will constitute a valid and binding obligation of the Debtor. No government, regulatory, or other consents or approvals, other than those expressly provided for in the Elite Lighting APA, were required for the execution, delivery, and performance by the Debtor of the Elite Lighting APA or the consummation of the sale contemplated thereby. No consents or approvals of the Debtor, other

than those expressly provided for in the Elite Lighting APA or this Sale Order, are required for the Debtor to consummate the proposed sale.

## VII. Section 363(f) is Satisfied.

O. One or more of the conditions of section 363(f) of the Bankruptcy Code for the proposed sale to be free and clear of Liens and Claims have been satisfied in full; therefore, the Debtor may sell the Assets free and clear of any Liens and Claims, with such Liens and Claims to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the Closing

P. The Purchaser would not have entered into the Elite Lighting APA and would not consummate the transaction contemplated thereby if the sale and/or transfer of the Assets to the Purchaser and the Assets were not free and clear of all Liens and Claims, or if the Purchaser would, or in the future could, be liable for any of such Liens and Claims (other than the Assumed Obligations).

Q. The Debtor may sell the Assets free and clear of all Liens and Claims against the Debtor, its estate, or any of the Assets (except the Assumed Obligations) because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims against the Debtor, its estate, or any of the Assets, who did not object, or who withdrew their objections, to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All other holders of Liens or Claims (except to the extent that such Liens or Claims are Assumed Obligations) are adequately protected by having their Liens or Claims, if any, in each instance against the Debtor, its estate, or any of the Assets, attach to the net cash proceeds of the Purchase Price ultimately attributable to the Assets in which such creditor alleges a Lien or Claims, in the same order of priority, with the same validity, force, and effect that such Liens or Claims had prior to the Closing of the sale, subject to

any claims and defenses the Debtor and its estate may possess with respect thereto. All other holders of Liens or Claims (except to the extent that such Liens or Claims are Assumed Obligations) of any kind or nature whatsoever against the Debtor or the Assets shall be forever prohibited, barred and estopped from pursuing or asserting any Liens or Claims against the Purchaser or any of its assets, property, successors, assigns or the Assets.

**VIII. Cure Amounts and Adequate Assurance of Future Performance.**

R.     The assumption and assignment of the executory contracts and unexpired leases listed in the Elite Lighting APA (the "<u>Assigned Contracts</u>") pursuant to the terms of this Sale Order is integral to the Elite Lighting APA and is in the best interests of the Debtor and its estate, its creditors, and all other parties in interest and represents the reasonable exercise of sound and prudent business judgment by the Debtor. Subject to the terms and conditions of the Elite Lighting APA, the Purchaser shall, to the extent necessary and consistent with the Elite Lighting APA, the Bidding Procedures Order and Notice of Assignment and Cure: (a) cure or provide adequate assurance of cure, of any default existing prior to the date of the Closing with respect to the Assigned Contracts, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (b) provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Assigned Contracts, within the meaning of sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code. The Purchaser's promise to pay the Cure Amounts and to perform the obligations under the Assigned Contracts shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

**IX.    Compelling Circumstances for an Immediate Sale.**

S.        Good and sufficient reasons for approval of the Elite Lighting APA and the proposed sale thereunder have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest. The Debtor has demonstrated good, sufficient, and sound business purposes and justifications for approving the Elite Lighting APA and compelling circumstances for the proposed sale outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a chapter 11 plan, in that, among other things, the immediate consummation of the proposed sale with the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate and the proposed sale will provide the means for the Debtor to maximize distributions to creditors.

**NOW, THEREFORE, THE COURT HEREBY ORDERS THAT**:

**I.    General Provisions.**

1.        The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this chapter 11 case pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.        The relief requested in the Sale Motion and the transaction contemplated thereby and by the Elite Lighting APA are approved as set forth in this Sale Order, and the proposed sale contemplated thereby is approved.

3.        All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing (if any) or by stipulation filed with the Court, and all reservations of rights included in such objections or otherwise, are

hereby denied and overruled on the merits with prejudice.[4] Those parties who did not object or withdrew their objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

## II.     Approval of the Elite Lighting APA.

4.      The Elite Lighting APA is hereby approved in its entirety, pursuant to sections 105, 363, 364, and 554 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014, each as applicable.

5.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the proposed sale pursuant to and in accordance with the terms and conditions of the Elite Lighting APA, (b) close the proposed sale as contemplated in the Elite Lighting APA and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the Elite Lighting APA, including the assumption and assignment to the Purchaser of the Assigned Contracts, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Elite Lighting APA and the proposed transaction.

6.      Subject to the restrictions set forth in this Sale Order and the Elite Lighting APA, the Debtor and the Purchaser hereby are authorized to take any and all actions as may be necessary or desirable to implement the Transaction, and any actions taken by the Debtor and the Purchaser necessary or desirable to implement the Transaction prior to the date of this Sale Order, hereby are approved and ratified.

---

[4] All timely filed objections (pursuant to the Bidding Procedures) with respect to Cure Amounts are hereby preserved to the extent such Assigned Contracts are ultimately assumed and assigned to Purchaser.

7.     This Sale Order and the terms and provisions of the Elite Lighting APA shall be binding in all respects upon the Debtor, its estate, all creditors of and holders of equity interests in the Debtor, any holders of Liens, Claims, or other interests (whether known or unknown) in, against, or on all or any portion of the Assets, all counterparties to any executory contract or unexpired lease of the Debtor, the Purchaser and all successors and assigns of the Purchaser, the Assets, and any trustees, examiners, or receivers, if any, subsequently appointed in any of the Debtor's chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code. The Elite Lighting APA shall not be subject to rejection or avoidance by the Debtor, its estates, its creditors, its equity holders, or any trustee, examiner, or receiver. Any trustee appointed in this case (including a chapter 7 trustee) shall be and hereby is authorized to operate the business of the Debtor to the fullest extent necessary to permit compliance with the terms of this Sale Order. This Sale Order and the Elite Lighting APA shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

**III.    Transfer of the Assets.**

8.     Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Assets to the Purchaser in accordance with the terms of the Elite Lighting APA and such transfer shall constitute a legal, valid, binding, and effective transfer of the Assets and shall vest Purchaser with all right, title and interest in and to the Assets, and, other than the Assumed Obligations with respect to the Assets, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, with all such Liens, Claims, or other interests to attach to the net cash proceeds of the Purchase Price ultimately attributable to the property against or in which such Liens, Claims, or other interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which

such Liens, Claims, or other interests had prior to the Transaction, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

9. The Debtor is hereby authorized to take any and all actions necessary to consummate the Elite Lighting APA, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

10. At the Closing, any and all Liens and Claims shall attach to the cash proceeds of the sale in the same amount and order of priority and with the same validity, force, and effect as existed immediately before the Closing, and subject to the same rights and defenses thereto; provided, the Lender shall be entitled to receive from the Debtor, and the Debtor is hereby authorized and directed to indefeasibly pay to the Lender, on the Closing date, $2,950,000 for application by the Lender soley to its allowed prepetition claim.

11. The sale of the Assets to the Purchaser pursuant to the Elite Lighting APA and the consummation of the transactions contemplated by the Elite Lighting APA do not require any consents other than as specifically provided for in the Elite Lighting APA. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Elite Lighting APA. A certified copy of this Sale Order may be filed with the appropriate clerk or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens, Claims, and other encumbrances of record except those assumed as Permitted Obligations.

12. If any person or entity that has filed statements or other documents or agreements evidencing Claims or Liens on in, or against all or any portion of the Assets (other than statements

or documents with respect to Assumed Obligations) shall not have delivered to the Debtor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Claims and Liens which the person or entity has or may assert with respect to all or any portion of the Assets, the Debtor is hereby authorized, and the Purchaser is hereby authorized, on behalf of the Debtor and the Debtor's creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets. The Debtor and the Purchaser are each authorized to file a copy of this Sale Order, which, upon filing, shall be conclusive evidence of the release and termination of such Claim, Lien, or interest.

13. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Elite Lighting APA.

14. All persons and entities that are presently, or on the Closing Date may be, in possession of some or all of the Assets to be sold, transferred or conveyed to or by the Purchaser pursuant to the Elite Lighting APA are hereby directed to surrender possession of the Assets to the

Purchaser on the Closing Date, unless prior to the Closing Date such person or entity was a good faith, bona fide purchaser of such assets without notice of the Debtor's rights in such property. Subject to the terms, conditions, and provisions of this Sale Order, all persons and entities, and their successors and assigns, are hereby forever prohibited and enjoined from taking any action, creating or enforcing any Claim, or commencing or continuing any action in any manner that would adversely affect or interfere with the ability of the Debtor to sell and/or transfer the Assets to the Purchaser in accordance with the terms of the Elite Lighting APA and this Sale Order. Without limiting the foregoing, Current Lighting Solutions, LLC shall transfer directly to Elite Lighting any and all privileged or confidential information it obtained from Debtor, along with any and all property it obtained from Debtor, as a result of its previously approved Stalking Horse APA, by no later than the Closing Date. Furthermore, Current Lighting Solutions, LLC shall fully comply with the non-disclosure agreement between it and the Debtor.

15.     To the maximum extent permitted by applicable law, and in accordance with the Elite Lighting APA, the Purchaser shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtor with respect to the Assets and the Sale. To the extent the Purchaser cannot operate under any Licenses in accordance with the previous sentence, such Licenses shall be in effect while the Purchaser, with assistance from the Debtor, work promptly and diligently to apply for and secure all necessary government approvals for new issuance of Licenses to the Purchaser.

16.     Notwithstanding anything in this Sale Order, subject to section 525(a) of the Bankruptcy Code, no governmental unit may revoke or suspend any right, license, trademark or other permission relating to the use of the Assets sold, transferred, or conveyed to the Purchaser

on account of the filing or pendency of this chapter 11 case, the conduct of the Sale, or the consummation of the Transaction contemplated by the Elite Lighting APA.

**IV.     Assumption and Assignment of Assigned Contracts.**

17.     The Debtor is hereby authorized and directed in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to (a) assume and assign to Purchaser, in accordance with the terms of the Elite Lighting APA, the Assigned Contracts free and clear of all Liens and Claims, (b) execute and deliver to Purchaser such documents or other instruments as Purchaser deems may be necessary to assign and transfer the Assigned Contracts to Purchaser, and (c) with respect to the Assigned Contracts: (i) the Debtor may assume each of the Assigned Contracts in accordance with section 365 of the Bankruptcy Code; (ii) the Debtor may assign each Assigned Contract to the Purchaser under the Elite Lighting APA in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract or allow the party to such Assigned Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect; (iii) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to Purchaser of each Assigned Contract have been satisfied; (iv) the Assigned Contracts shall be transferred and assigned to, and following the Closing of the proposed sale shall remain in full force and effect for the benefit of, Purchaser, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer; and (v) pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Assigned Contracts after such assumption and assignment to Purchaser.

18. All defaults or other obligations of the Debtor under the Assigned Contracts arising or accruing prior to the closing of the Transaction, or required to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Assigned Contracts, shall, consistent with the Bidding Procedures Order and the Notice of Assignment and Cure, be cured by the Purchaser.

19. Upon the Closing of the proposed sale, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title and interest of each Assigned Contract. To the extent provided in the Elite Lighting APA, the Debtor shall cooperate with, and take all actions reasonably requested by, the Purchaser to effectuate the foregoing.

20. Each Assigned Contract counterparty who has not timely objected is deemed to have consented to assumption and assignment, and the Purchaser shall be deemed to have demonstrated adequate assurance of future performance with respect to such Assigned Contract pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

21. Upon the Debtor's assignment of the Assigned Contracts to the Purchaser under the provisions of this Sale Order, any additional orders of this Court, and the payment of any Cure Amounts pursuant to the terms hereof or the Elite Lighting APA, no default shall exist under any Assigned Contract, and no counterparty to any Assigned Contract shall be permitted (a) to declare a default by the Purchaser or Debtor under such Assigned Contract or (b) to otherwise take action against the Purchaser or Debtor or as a result of the Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Assigned Contract. Each non-Debtor party to an Assigned Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtor, or Purchaser, or the property of either of them, any default

or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing of the proposed sale, or, against Purchaser, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtor and (ii) imposing or charging against Purchaser or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the assumption and assignments to Purchaser of the Assigned Contracts.

22. The Purchaser shall be deemed to be substituted for the Debtor as a party to the applicable Assigned Contracts and the Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assigned Contracts.

23. All counterparties to the Assigned Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Debtor, or the Purchaser for any instruments, applications, consents, or other documents that may be required or requested by any public authority or other party or entity to effectuate the applicable transfers in connection with the sale of the Assets.

**V.      Prohibition of Actions Against the Purchaser.**

24. Except for the Assumed Obligations in the case of the Assets, or as otherwise expressly provided for in this Sale Order or the Elite Lighting APA, the Purchaser shall not have any liability or other obligation of the Debtor arising under or related to any of the Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Elite Lighting APA, the Purchaser shall not be liable for any Claims or Liens against the Debtor or any of their predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown, now existing or hereafter arising, whether

18

fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets except as expressly assumed under the Elite Lighting APA.

25.     Except with respect to Assumed Obligations in the case of the Assets, or as otherwise permitted by the Elite Lighting APA or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the Assets, the operation of the Debtor's business prior to the Closing of the proposed sale, or the transfer of the Assets to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser, any of the foregoing's affiliates, successors, or assigns, their property or the Assets, such persons' or entities' Liens, Claims, or interests in and to the Assets, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Purchaser and each of their affiliates, successors, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser, and each of their affiliates, successors, assets, or properties; (c) creating, perfecting, or enforcing any Lien or other Claim against the Purchaser, its affiliates, successors, assets, or properties; (d) asserting any setoff or right of subrogation of any kind against any obligation due the Purchaser, its affiliates or its successors; (e) commencing or continuing any

action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the Elite Lighting APA or actions contemplated or taken in respect thereof; or (f) revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate any of the Assets or conduct any of the businesses operated with the Assets.

26.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Assets to the Purchaser in accordance with the terms of the Elite Lighting APA or this Sale Order.

27.     Except as provided in the Elite Lighting APA and this Sale Order and without limiting other applicable provisions of this Sale Order, the Purchaser is not, by virtue of the consummation of the proposed transaction, assuming, nor shall Purchaser be liable or responsible for, as a successor or otherwise (including with respect to successor or vicarious liabilities of any kind or character), under any theory of law or equity, including any theory of antitrust, environmental successor or transferee liability, labor law, *de facto* merger, or substantial continuity, any Liens or Claims, whether known or unknown, now existing or hereafter raised, which may be asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtor, or any of its predecessors or affiliates or any obligations of the Debtor or its predecessors or affiliates, for any liabilities, debts, commitments, or obligations (whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise) in any way whatsoever relating to or arising from the Assets or the Debtor's operation of their businesses or use of the Assets or any such liabilities, debts, commitments, or obligations that in any way whatsoever are to be observed, paid, discharged, or performed (in each case, including any liabilities that result from, relate to or arise out of tort or product liability claims), or any liabilities

calculable by reference to the Debtor or its assets or operations (including by reference to the Debtor's experience or similar ratings), or relating to continuing conditions existing, including with respect to any of Debtor's predecessors or affiliates, which liabilities, debts, commitments, and obligations are hereby extinguished insofar as they may give rise to successor liability, without regard to whether the claimant asserting any such liabilities, debts, commitments, or obligations has delivered to the Purchaser a release thereof. The Purchaser has given substantial consideration under the Elite Lighting APA for the benefit of the holders of any Liens or Claims. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens or Claims against or interests in the Debtor or any of the Assets.

**VI.    Other Provisions.**

28.     The consideration provided by the Purchaser to the Debtor pursuant to the Elite Lighting APA for the Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

29.     The transaction contemplated by the Elite Lighting APA are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the proposed sale shall not affect the validity of the sale, or the assumption and assignment of the Assigned Contracts, unless such authorization and such transaction are duly stayed pending such appeal. Upon its Closing of the proposed sale, Purchaser will be a good faith Purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

30. For cause shown, pursuant to Bankruptcy Rules 6004(h), 6006(d) and 7062(g), this Sale Order shall not be stayed as provided in such Rules and shall be effective immediately upon entry, and the Debtor, the Purchaser are authorized to close the proposed transaction immediately upon entry of this Sale Order.

31. The failure to specifically include any particular provision of the Elite Lighting APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Elite Lighting APA be authorized and approved in its entirety; *provided* that this Sale Order shall govern if there is any inconsistency between the Elite Lighting APA (including all ancillary documents executed in connection therewith) and this Sale Order.

32. The Elite Lighting APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court.

33. If for any reason Elite Lighting fails to consummate the proposed sale on or before October 29, 2020, Current Lighting Solutions, LLC as the Backup Bidder will automatically be deemed to have submitted the highest or otherwise best bid for the Assets in the amount and on the terms of its last bid at the October 15, 2020 auction (the "Backup Bid"). Under such circumstances, the Debtor and the Backup Bidder are authorized to effectuate the sale of the Assets to the Backup Bidder as soon as is commercially reasonable without further order of the Court, and all references in this Sale Order to the "Purchaser" shall be deemed to apply to the Backup Bidder with respect to its Backup Bid. If Elite Lighting's failure to consummate the proposed sale is the result of a breach by Elite Lighting, its Deposit shall be forfeited to the Debtor and the Debtor specifically reserves the right to seek all available damages from it.

34.     The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Elite Lighting APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transaction, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Assets to the Purchaser (as applicable), (b) interpret, implement, and enforce the provisions of this Sale Order, (c) protect Purchaser against any Liens, Claims, or other interest in or against the Debtor or the Assets, and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to any additional Assigned Contracts.

35.     Provided, that the Debtor is fully paid under the Elite Lighting APA, Elite Lighting may assign its rights under the Elite Lighting APA and this Order, including the vesting title of the Assets, to a new duly organized corporation.


Dated:  October 16, 2020                              /s/ Robert D. Drain
        White Plains, New York                       THE HONORABLE ROBERT D. DRAIN
                                                     UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**he Elite Lighting APA**