**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────── X

|  |  |
|---|---|
|  | : Chapter 11 |
| In re: | : |
|  | : Case No. 20-22614 (RDD) |
| EDISON PRICE LIGHTING, INC., | : |
|  | : Hearing Date & Time: 10/21/2020 |
| Debtor. | : Hearing Time:  10:00 a.m. |
|  | : |

─────────────────────────── X

**LANDLORD'S OBJECTION TO THE APPLICATION FOR LEGAL FEES AND COSTS OF THE DEBTOR'S ATTORNEYS UNDER SECTION 330(A) AND 331 AND REQUEST FOR EXTENSION OF TIME TO FILE DETAILED OBJECTION**

United Development Venture, LLC ("Landlord") through its undersigned counsel, objects to the application for legal fees and costs of the Debtor's counsels, H. Bruce Bronson, Esq. and Bronson Law Offices, P.C. dated September 30, 2020, pursuant to Section 330(a) and 331 of the Bankruptcy Code.

Landlord further request the Court to extend time of filing objections to the application of the legal fees and costs of the Debtor's counsels due to the amount of time needed to review the lodestar of the Debtor's counsels.

Attorneys for debtors-in-possession may be awarded fees and reimbursement of expenses pursuant to Section 330 of the Bankruptcy Code.  3 COLLIER ON BANKRUPTCY ¶ 330.03[3][a] at 330-24 (15th ed. 1995).  Section 330 permits the Court to award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

In determining the necessity of services rendered, the Bankruptcy Code directs courts to consider "whether the services were necessary to the administration of, or beneficial at the time

at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). The Second Circuit further indicates that the "reasonably likely to benefit the estate" test in Section 330(a)(3)(C) should be applied in an objective manner, based upon the services a reasonable lawyer would have performed under the same circumstances. *In re Ames Department Stores, Inc.,* 76 F.3d 66, 71 (2d Cir. 1996). In addition to ascertaining whether the services rendered were necessary, the Court must determine whether the fees requested are reasonable. In doing so, the Court must consider:

> (A) the time spent on such services; (B) the rate charged for such services; . . . (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practioners in cases other than [bankruptcy cases].

11 U.S.C. § 330(a)(3).

The applicant for an award of compensation under Section 330 bears the burden of providing "records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). *See also E.D.N.Y. LBR 2016-1,* adopting the fee guidelines promulgated by the Office of the United States Trustee (Guidelines for Reviewing Applications for Compensation Reimbursement of Expenses filed under 11 U.S.C. § 330, reprinted in 28 C.F.R. Part 58, Appendix) (the "UST Guidelines").

A brief review of the lodestar of the debtors-in-possession's counsels shows that the hours expended were not reasonable since the time expended was excessive, redundant or otherwise unnecessary. *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *see also In re Sucre,* 226 B.R. 340, 352 (Bankr. S.D.N.Y. 1998) (applying Hensley).

Secondly, the hourly rates of the debtors-in-possession's counsels were unreasonable. The instant petition is not novel or complex that needs $450.00 per hour counsels to procure comparable results. *In re Navis Realty, Inc.*, 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991), *quoting In re Shades of Beauty,* 56 B.R. 946, 951 (Bankr. E.D.N.Y. 1986), *af'd,* 95 B.R. 17 (E.D.N.Y. 1988). If the counsels for the debtors-in-possession truly possess such skill, experience, expertise, statute and reputation, Elite Lighting ("Purchaser" or "Successful Bidder") would not have been untimely consulted or improperly notified as a potential purchaser of the Assets during the sale process notwithstanding its clear prior interest in purchasing such Assets. (Doc 135, at 2). Elite Lighting has made the highest and best bid in the amount of $4,150,000.00, (Doc 135, at 3), while Current Lighting Solutions, LLC only made offer to purchase the estate of the Debtor-in-possession in the amount of $1,500,000.00. (Doc 110-4, ¶ 2.5; Doc 135-1, ¶ 2.5). The failure of the debtors-in-possession's counsels to secure the highest and best bid in this proceedings has harmed all creditors.

Accordingly, the skills and experience of the debtors-in-possession's counsels actually caused more harm, not benefit, to the estate of the debtors-in-possession in this regard.

Furthermore, the debtors-in-possession's counsels failed to prepare a reliable and truthful budget in this proceedings. Although the debtors-in-possession's counsels' represented that the debtors-in-possession had the budget to pay the rent to the Landlord in amount of $114,000 for September, 2020 and $114,000 for October, 2020, (Doc 80-1), the debtors-in-possession only paid rent in the amount of $50,000 for September, 2020 and $50,000 for October, 2020, much shorter than the budgeted amount. Accordingly, the debtors-in-possession's counsels either exhibited bad faith in preparing the budget or lacked the skills or experience, expertise, statute

and reputation in this simple and straightforward petition of liquidating the assets of the debtors-in-possession.

The lodester fee application has failed to adequately document and support the requests of the debtors-in-possession's counsels for compensation for 358.95 hours of attorney time at an hourly rate of $450.00 for the sum of $145,410.00 and expenses for $7,386.75, covering only for the months of May through September, 2020. (Doc 120-3).

Landlord needs more time to review the lodester of the debtors-in-possession's counsels.

**WHEREFORE**, Landlord requests the Court deny the application for fees and costs of the debtors-in-possession's counsels in its entirety *or across the board's reduction of 75% of the application for fees and costs of the debtors-in-possession's counsels.* Landlord further requests the Court to grant the extension of time for Landlord to review in detail of the lodester fee application of the debtors-in-possession's counsels.

Dated: Flushing, New York
      October 16, 2020

               Respectfully submitted,

               **LAW OFFICES OF DAVID YAN**

           By:    /David Yan/          
               David Yan (DY2343)
               136-20 38th Avenue, Suite 11E
               Flushing, New York 11354
               Tel: (718) 888-7788

               *Attorney for United Development Venture, LLC*