BRONSON LAW OFFICES, P.C.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                                          Chapter 11
                                                                                                      Case No. 20-22614 (RDD)
EDISON PRICE LIGHTING, INC.

                              Debtor.
-------------------------------------------------------------X

# REPLY TO OBJECTION TO THE APPLICATION FOR LEGAL FEES AND COSTS OF THE DEBOTR'S ATTORNEYS UNDER SECITON 330(A) AND 331 AND REQUEST FOR EXTENSION OF TIME TO FILE DETAILED OBJECTION

       United Development Venture, LLC ("Landlord") objected to the application for legal fees and costs (the "Application") of counsel for Edison Price Lighting, Inc. ("Debtor"), H. Bruce Bronson and Bronson Law Offices, P.C. ("Debtor's Counsel") through its counsel the Law Offices of David Yan ("Landlord's Counsel"). Debtor's Counsel replies to Landlord's objection as follows:

1. Landlord claims that Debtor's Counsel fees were not reasonable because ". . . the time expended was excessive, redundant or otherwise unnecessary." [ECF Dkt. 136 at p.2].

2. A review of the Application which contains a detailed description of the services rendered clearly shows that the time spent was necessary and was neither excessive nor redundant.

3. Debtor's Counsel asserts that all time spent by Debtor's Counsel for legal work related to the Debtor was necessary to move Debtor's case forward in the most expeditious fashion.

4. The Landlord claims that Debtor's Counsel's hourly rate of $450 per hour was unreasonable; however, such a rate is lower than the rates comparable attorneys located in the tri-state area charge for this size and type of bankruptcy.

5. The Landlord points to "[t]he failure of the debtors-in-possession's counsels to secure the highest and best bid in this proceeding has harmed all creditors." This is false. The only harm that occurred was a one-day delay in the issuance of the Sale Order. Landlord stands to benefit from the increase in the sale price.

6. Furthermore, Debtor's Counsel did not omit notification to Elite Lighting of the sale, rather Elite Lighting was served two copies of the Motion of Sale. Elite Lighting was not emailed a copy of the Sale Notice because they were not on the broker's list of parties that it was in contact as expressing an interest in the sale.[1]

7. After the retention of the broker, the principals of the Debtor supplied the names and contact information of parties that had expressed a prior interest in the sale to the broker for follow up.

8. Unfortunately, Elite Lighting was not on that list.

9. While Debtor's counsel was aware of Elite Lighting's past interest in acquiring the Debtor, Elite Lighting was represented by counsel. Additionally, Elite Lighting had expressed in no uncertain terms that their interest in acquiring the Debtor had ceased in January 2020 and that it had a claim to the return of funds forwarded to Debtor.

10. Accordingly, Debtor's counsel believed that Elite Lighting was a disgruntled creditor and had no indication that there was any interest in Elite Lighting pursuing the acquisition of Debtor.

11. Citibank, N.A.'s counsel was contacted by Elite Lighting; however, Elite Lighting never

---

[1] Also, this represents a nominal hourly amount of the time spent that is included on Debtor's counsel's requested fees.

followed up with the broker of the transaction to express an interest in the purchase of Debtor's assets.

12. Landlord asserts that Debtor's Counsel some how misrepresented the budget and the amounts that were to be paid to the Landlord. This is also false and has been reviewed by the Court several times.

13. Without Debtor's Counsel providing the services it provided the bankruptcy case could not have moved forward.[2] The hours spent by Debtor's Counsel for legal services were necessary to move Debtor's case forward.

14. Rather than object to Debtor's Counsel's legal fees which only cost the estate more in terms of legal fees, Landlord's counsel should recognize that the sale at the final bid price is favorable to the Landlord's position. Landlord's counsel however has only indicated its intransience, rather than seeking a consensual resolution which could offer the Landlord some certainty.

**WHEREFORE,** Debtor's Counsel seeks the fees and expenses set forth in its Application as being reasonable and necessary for the Debtor's Counsel to continue its representation of Debtor and Debtor's counsel respectfully requests that the Court grant the Application as set forth therein.

Dated: Harrison, New York
October 20, 2020

          BRONSON LAW OFFICES P.C.

          By: /s/ H. Bruce Bronson
          H. Bruce Bronson

---

[2] A review of the entire docket of this case supports the request for fees as it demonstrates the substantial and largely successful work of the Debtor's counsel in negotiating with the secured creditor, moving this company back into operation, accomplishing the goal of selling the business as a going concern and ultimately towards completing a successful reorganization. This surely does not support the reduction requested by Landlord under the "lodestar" or a "presumptively reasonable fee" analysis. *See generally, In re Relativity Fashion, LLC*, 565 B.R. 50 (Bankr. S.D.N.Y. 2017) and *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 790 F. App'x 289 (2d Cir. 2019.)